**C. Leslie HALL, et al.**

v.

**TOWN OF KITTERY, et al.**

Supreme Judicial Court of Maine.

Argued Jan. 4, 1989.

Reargued March 15, 1989.

Decided April 10, 1989.

Terrence D. Garmey (orally), Smith & Elliott, Saco, for plaintiffs.

James D. Poliquin (orally), Norman, Hanson & Detroy, Portland, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

GLASSMAN, Justice.

Defendants Town of Kittery and Steven Furbish appeal from judgments of the Superior Court (York County) holding them responsible for personal injuries sustained by plaintiffs C. Leslie Hall and Marion B. Hall. Defendants argue on appeal that the Superior Court (*Lipez, J.*) ruled erroneously that plaintiffs had substantially complied with the 180–day notice requirement for the claim against a government entity or employee imposed by 14 M.R.S.A. § 8107

*wealth v. Byrne,* 212 Pa.Super. 566, 243 A.2d 196, 197 (1968). *Cf. Sutliff v. Sutliff,* 515 Pa.

393, 528 A.2d 1318, 1322 (1987).

(1980 & Supp.1988). Because we find no such substantial compliance, we vacate the judgment.

# I

The relevant facts may be briefly described as follows: On May 15, 1983, C. Leslie and Marion B. Hall were involved in an accident with a police cruiser operated by Officer Steven Furbish of the Kittery Police Department. Suit was brought against the Town and Furbish nearly two years later on May 13, 1985. Although no formal notice of claim was provided until suit was commenced, the accident was reported to the Town's insurer and an insurance adjuster obtained a written signed statement from Leslie Hall within 180 days of the accident. The statement gave an account of the accident and the injuries sustained but did not include any amount of monetary damages suffered by either plaintiff as a result of the accident or state that a claim for damages was being made. Prior to the trial, defendants moved for summary judgment on the ground that the suit was barred by the failure to provide notice of claim within 180 days of accrual as required by section 8107. Within the 180 days no written statement was secured from Marion Hall nor was any claim filed by her. Focusing specifically upon Leslie Hall's written statement provided to the insurance adjuster within 180 days of the accident, the court ruled affirmatively, *inter alia,* that the plaintiffs had substantially complied with the statutory notice requirement.[1] From this ruling defendants appeal.

# II

The Maine Tort Claims Act (MTCA) requires that a written notice of claim against a governmental entity or employee be filed by a claimant or personal representative within 180 days after the cause of action accrues. 14 M.R.S.A. § 8107(1) (Supp.1988). The notice must include, among other requirements, a statement of the amount of monetary damages claimed and be "filed with one of the persons upon whom a summons and complaint could be served under the Maine Rules of Civil Procedure, Rule 4, in a civil action against a political subdivision." 14 M.R.S.A. § 8107(1)(E) and (3)(B). Rule 4 provides that service of a summons and complaint upon a town shall be made upon one of the selectmen or assessors. M.R.Civ.P. 4(d)(5). The notice requirement is enforced by the proviso that "[n]o claim or action shall be commenced against a governmental entity or employee in the Superior Court unless the foregoing notice provisions are substantially complied with." 14 M.R.S.A. § 8107(4). *See also Darling v. Augusta Mental Health Institute,* 535 A.2d 421, 429, 430 (Me.1987) (suit against county employees dismissed because of plaintiff's failure to comply with notice procedures of Maine Tort Claims Act). We have previously ruled that the "substantial compliance" exception does not excuse an untimely notice but rather is invoked properly only to excuse defects or inaccuracies in the form of a timely notice. *Erickson v. State,* 444 A.2d 345, 350 (Me.1982).

In the case at bar, there are a number of deficiencies that prevent Leslie Hall's signed statement to the insurance company from constituting substantial compliance by the plaintiffs with the provisions of section 8107. In the first instance, we note that no written statement was secured from Marion Hall within the 180–day period provided by the statute.[2] We find nothing in the statement given by Leslie Hall that distinguishes it from any statement taken by an insurance adjuster in the course of the routine investigation of an automobile accident. The statement, unlike the letter in *Robinson v. Washington County,* 529 A.2d 1357, 1360 (Me.1987), does not "purport[ ] to notify the [Town of Kittery] of [C. Leslie Hall's] intention to

---

1. We need not address the court's holding that there was no prejudice to the Town. The court's holding that the plaintiffs had not met the good cause exception to the notice provisions has not been challenged.

2. The record reflects that on June 13, 1988, the trial court granted C. Leslie Hall's motion to be substituted for Marion B. Hall, deceased, in the pending proceedings.

bring a civil action against the [Town of Kittery] and/or their officers, employees, and agents." Instead, Leslie Hall's statement contains only that information normally expected to be found in an insurance company's file after a routine investigation of an accident that may mature into a claim against its insured.

Nor do we find that the action of the insurance adjuster in securing a statement from Leslie Hall can be deemed substantial compliance with the notice requirement of section 8107(3)(B). In *Robinson v. Washington County*, 529 A.2d at 1359, 1360, where plaintiff's letter asserting her claim against the county and the county sheriff contained all the information specified in section 8107(1)(A) through (E) and was delivered directly to the county sheriff, we held that such service was adequate compliance with section 8107(3)(B), absent a showing of prejudice to the county and county sheriff. We find no reason on the facts of this case to expand that holding to encompass the statement given by Leslie Hall to the insurance adjuster.

Finally, the statement failed to include the amount of monetary damages claimed. Because of these deficiencies, Leslie Hall's statement to the insurance adjuster falls short of substantial compliance by C. Leslie and Marion B. Hall with the notice requirements of section 8107. *See Faucher v. City of Auburn*, 465 A.2d 1120, 1123 (Me. 1983). Accordingly, we vacate the judgment and remand this case to the Superior Court for the entry of a judgment for the defendants.

The entry is: Judgment vacated. Remanded to the Superior Court for the entry of judgment for the defendants Town of Kittery and Steven Furbish.

McKUSICK, C.J., and HORNBY and COLLINS, JJ., concur.

WATHEN, Justice, with whom ROBERTS and CLIFFORD, JJ., join dissenting.

I must respectfully dissent. In *Faucher v. City of Auburn*, 465 A.2d 1120 (Me. 1983), we dealt with a notice that was deficient in three respects: "it was oral, it was not addressed to the proper person, and it did not give notice that a claim for damages was being made." *Id.* at 1122–23. In that case, we concluded that those three deficiencies, *"taken together,* result in a failure of substantial compliance with the notice requirements of the statute." *Id.* at 1123 (emphasis added). Because the case before us involves only two of the three defects presented in *Faucher*, we are compelled to draw a finer line. The statement obtained from Mr. Hall was in writing, but it was given to the adjuster for the Town's insurance carrier rather than one of the selectmen or assessors. Moreover, it is clear that the written statement obtained from Mr. Hall does not include a statement of the amount of monetary damages claimed, as required by 14 M.R.S.A. § 8107(1)(E). Admittedly, the notice is defective in form. The question is not, as the Court seems to believe, whether the Hall's statement can be distinguished from "any statement taken by an insurance adjuster." Rather, the question is whether the information provided by that statement substantially complies with the requirements of section 8107.

Although we observed in *Faucher* that notice to a teacher and school principal of a claim against the city was not in compliance with the statute, our holding was premised upon the additional fact that we were dealing with an alleged oral notice. In a more recent case involving a written notice of claim against a county and the sheriff, we found substantial compliance even though the notice was delivered to the sheriff rather than to one of the county commissioners, their clerk, or the county treasurer as required by M.R.Civ.P. 4(d)(4). *Robinson v. Washington County*, 529 A.2d 1357 (Me.1987). We noted that the purpose of the statute "is to assure that the notice will be received by an official having authority to deal with plaintiffs' claim or that the official receiving the notice is one charged with the duty of transmitting the notice to the proper officials." *Id.* at 1360 (quoting *Faucher*, 465 A.2d at 1123). In light of that purpose, it is difficult to imagine a more efficacious notice

than the one which was provided to the Town's insurer in this case. Ordinarily the notice would first be given to one of the Town Selectmen, who would in turn forward it to the insurer. Here, because the insurer received a report of the accident from the Town, the insurer obtained the information directly. It is hard to imagine that the substance of the notice requirement has not been fulfilled in this regard.

Similarly, the remaining defect should not bar a finding of substantial compliance. In *Faucher* the alleged oral notice did not include the assertion of any claim much less a statement of monetary damages. Here, the only element missing is a statement of monetary damages claimed. The written statement otherwise contains a full description of plaintiffs' injuries, complaints, and loss of work and identifies the treating physician. Even when taken together with the defect in delivery I am not persuaded that the failure to state the amount of damages claimed requires a reversal of the Superior Court's finding of substantial compliance. I would affirm.