Clinton CUSHMAN

v.

Roland TILTON, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 18, 1994.

Decided Jan. 17, 1995.

Mark S. Kierstead, Waterville, for plaintiff.

Paul Stern, Asst. Atty. Gen., Augusta, for defendants.

Before ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and LIPEZ, JJ.

LIPEZ, Justice.

Clinton Cushman appeals from a summary judgment granted by the Superior Court (Kennebec County, Pierson, J.) to Roland Tilton on Cushman's action for damages arising from defamatory statements allegedly made by Tilton about Cushman's job performance. Cushman argues that the Superior Court erred in granting a summary judgment because a genuine issue of material fact exists about whether Tilton was acting as a governmental employee at the time of the alleged statements. We disagree and affirm the judgment.

*Background*

The record establishes the following: At the time of the alleged statements Roland Tilton was employed as a game warden by the Maine Department of Inland Fisheries

and Wildlife. As a game warden, his responsibilities included enforcing the Natural Resources Protection Act, 38 M.R.S.A. § 480–R(2) (1989 & Supp.1994), which prohibits, *inter alia*, bulldozing and removing or displacing soil, vegetation, or other materials in or adjacent to wetlands, streams, great ponds, and other protected natural resources without a permit, § 480–C. Tilton was also a member of a municipal oversight committee charged with implementing a joint state and town project to stabilize sources of erosion into China Lake.

Clinton Cushman was the code enforcement officer for the Town of China at the time of the alleged statements. His duties included enforcement of land use and shoreland zoning ordinances, building codes, and plumbing codes and regulations. The allegedly defamatory statements involved five incidents in which Cushman claims that Tilton, expressly or by implication, publicly criticized Cushman's job performance. On the basis of these statements, Cushman filed an action against Tilton claiming damages arising from slander, slander per se, intentional infliction of emotional distress, and the tortious interference with a contract.

## The Maine Tort Claims Act

Cushman did not file a notice of claim pursuant to the Maine Tort Claims Act, on the theory that no notice was required because he was proceeding against Tilton personally and not in Tilton's official capacity. Tilton moved for a summary judgment arguing, first, that Cushman failed to comply with the notice provision of the Maine Tort Claims Act; second, that even if notice had been provided, Tilton has immunity pursuant to the Act; and lastly that Tilton's statements criticizing Cushman's performance as a "public official" are privileged under the First Amendment and also are protected by the duty privilege. In granting a summary judgment, the Superior Court found that, whether acting as a game warden or as a member of the oversight committee, Tilton is an "employee" for the purposes of the Maine Tort Claims Act; that Cushman failed to comply with the notice provision of the Act; and that in the alternative, "Tilton must be free to

comment on the job performance of the local code enforcement officer" and is immune from suit even if he abused that discretion. Cushman contends that the court erred in granting a summary judgment by selecting Tilton's version of contested material facts.

■ When reviewing a grant of a summary judgment, we view the evidence in the light most favorable to the party against whom the judgment has been granted, and review the decision of the trial court for errors of law. *United Air Lines, Inc. v. Hewins Travel Consultants, Inc.*, 622 A.2d 1163, 1166 (Me.1993). We independently determine whether the record supports the conclusion that there is no genuine issue of material fact and that the prevailing party is entitled to a judgment as a matter of law. *Security Pacific Nat'l Trust Co. v. Reid*, 615 A.2d 241, 243 (Me.1992).

■ The Maine Tort Claims Act establishes the procedure for bringing tort claims against governmental employees. 14 M.R.S.A. § 8101 (1980 & Supp.1994). The Act requires that notice be given to a governmental entity within 180 days after a cause of action accrues. § 8107(1). A failure to comply with the notice provision bars the claim. § 8107(4); *Mueller v. Penobscot Valley Hosp.*, 538 A.2d 294, 297 (Me.1988).

The Act defines "employee" as "a person acting on behalf of the governmental entity in any official capacity, whether temporarily or permanently, and whether with or without compensation from local, state or federal funds, including ... appointed officials...." § 8102(1). Employees of governmental entities are provided absolute immunity from personal civil liability for, *inter alia*, "[p]erforming or failing to perform any discretionary function or duty, whether or not the discretion is abused." § 8111(1)(C).

■ The question whether Tilton acted as an "employee" pursuant to the Maine Tort Claims Act when he made the alleged statements is predominantly a question of law for the court to determine, *see Dugas v. City of Harahan, La.*, 978 F.2d 193, 196 (5th Cir. 1992) (noting that whether a communication made by an executive official was within the scope of the official's duties is a question of

law for the court), *reh'g denied,* 983 F.2d 234, *cert. denied sub nom. Bougere v. Ferrara,* —— U.S. ——, 114 S.Ct. 60, 126 L.Ed.2d 29 (1993); however, this question of law contains subsidiary questions of fact as well. In arguing that there is a genuine issue of material fact as to whether Tilton was acting as a governmental employee or as a private citizen, Cushman primarily points to the letter of Lieutenant Ritchie of the Department of Inland Fisheries and Wildlife in which Ritchie stated that he believed Tilton was acting as a private citizen in the cases described in Cushman's letter.[1] Colonel Vernon, the Department's Chief Warden with responsibility for direct supervision of the game wardens, stated in an affidavit that Ritchie's statement was erroneous and that "[w]here a local official is failing to perform his duties properly, and the game warden is aware of this, in order to protect the resource it is within his responsibilities to bring such to the attention of town officials as well as investigate the potential violations himself." The Acting Commissioner of the Department made a similar statement about the responsibilities of a game warden.

Lieutenant Ritchie's statement and Colonel Vernon's contrary conclusion do not present a genuine issue of material fact. Both are merely characterizations of Tilton's actions. We may disregard these characterizations and instead focus on Tilton's job responsibilities. Based on the undisputed facts and accepting Cushman's version of the evidence when a dispute exists, we conclude that the court did not err in finding, as a matter of law, that Tilton is an employee for the purposes of the Maine Tort Claims Act.

Because we conclude that the court properly found that Tilton was an employee and that Cushman failed to comply with the notice provision of the Maine Tort Claims Act, we need not discuss the other legal issues raised by the parties.

The entry is:

Judgment affirmed.

All concurring.

---

1. Prior to initiating his lawsuit, Cushman wrote a letter to Commissioner Vail of the Department of Inland Fisheries and Wildlife inquiring about several incidents concerning Tilton's criticisms of his job performance. Of the incidents described in the letter, three are involved in Cushman's present action against Tilton. Lieutenant Ritchie of the Department responded to Cushman's letter.