**Walter L. PEPPERMAN, II**

v.

**Edward M. BARRETT et al.**

Supreme Judicial Court of Maine.

Argued March 13, 1995.
Decided July 12, 1995.

William D. Robitzek (orally), Berman & Simmons, P.A., Lewiston, for plaintiff.

Stephen E.F. Langsdorf (orally), Preti, Flaherty, Beliveau & Pachios, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

Edward Barrett, Daniel Perkins and Barry Allen, employees of the Town of Rangeley, appeal from the denial of their motion for a summary judgment by the Superior Court (Franklin County, *Chandler, J.*). They argue that they are entitled to immunity pursuant to the Maine Tort Claims Act, 14 M.R.S.A. § 8111 (Supp.1994), that their activities were authorized by 30–A M.R.S.A. § 4452 (Pamph. 1994), and that Walter Pepperman's claims are barred because he failed to provide notice as required by the Maine Tort Claims Act, 14 M.R.S.A. § 8107 (1980 & Supp.1994). Because we agree that Pepperman failed to comply with the notice requirements of section 8107, we need not reach the other issues presented by the defendants.

In October 1992, the then code enforcement officer of the Town of Rangeley ordered Pepperman to correct a zoning ordinance violation after determining that a permanent shelter resembling a lean-to built by Pepperman on his Rangeley property was too close to the property line. Pepperman challenged the code enforcement officer's determination in the Superior Court. *See Pepperman v. Town of Rangeley*, 659 A.2d 280 (Me.1995). In the meantime, Barrett, the town manager, decided to order a survey of the property line in question before the town took any enforcement action against Pepperman.

After selecting Barry Allen to do the survey, Barrett scheduled the survey for August 3, 1993. Barrett's secretary left a message on Pepperman's answering machine informing him of the survey. Pepperman returned Barrett's call, leaving a message with Barrett's secretary. He told her that he wanted to be present at any survey and that he had to travel to Delaware on August 3 for his brother's funeral. He informed her that he would consider a survey performed in his absence to be a willful and intentional trespass. Barrett determined that he was authorized to proceed with the survey in Pepperman's absence.

On August 3, Barrett and Perkins, the new code enforcement officer, went to Pepperman's property along with Allen and a second surveyor. Barrett and Perkins, both of whom had been to the property before, led the way across Pepperman's property to the lean-to. The survey confirmed that Pepperman's shelter violated the local zoning ordinance.

After the survey, Pepperman sent a series of letters to counsel for the town. On August 30, he sent a letter that characterized the survey as a "willful trespass" that would "have its own consequences." On October 18, he sent a letter confirming the identities of the "trespassers." Pepperman indicated that if he did not hear otherwise, he would proceed on the assumption that the trespassers were Barrett, Perkins, and Allen. On December 8, he offered to release all of his claims "against the persons who willfully trespassed" at his lean-to in exchange for a

favorable settlement of an unrelated lawsuit pending against the town. Finally, he wrote a letter on December 15 inquiring whether the town's attorney was authorized to accept service of process on behalf of Barrett, Perkins, and Allen.

On December 23, 1993, Pepperman filed suit against Barrett, Perkins, and Allen, seeking recovery for trespass, intentional infliction of emotional distress, and willful destruction of property resulting from the August 3 survey. The defendants moved for a summary judgment, arguing, among other things, that Pepperman failed to comply with the notice provisions of section 8107. The court denied their motion and this timely appeal followed.[1]

Pursuant to M.R.Civ.P. 56(c), a party is entitled to a summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact set forth in those statements and that any party is entitled to a judgment as a matter of law." In this case, the essential facts are undisputed. The resolution of the case turns on the interpretation of the notice requirements of section 8107.

Pursuant to section 8107, a potential plaintiff against an employee of a governmental entity must provide notice of the claim to the governmental entity within 180 days of the accrual of the cause of action. The notice must contain (1) the name and address of the claimant; (2) a concise statement of the basis of the claim, including the date, time, place, and circumstances of the occurrence; (3) the name of the employee involved, if known; (4) a concise statement of the nature and extent of the injury claimed; and (5) a statement of the amount of monetary damages claimed. *Id.* The statute provides that notice of a claim against municipal employees must be delivered to a person on whom service of process on behalf of the town could be made pursuant to the rules of civil procedure. *Id.* Failure to comply substantially with the notice provision bars the claim. *Cushman v. Tilton*, 652 A.2d 650, 651 (Me.1995).

The purpose of the notice requirement is to enable the governmental entity to investigate and evaluate claims for purposes of defense or settlement. *Faucher v. City of Auburn*, 465 A.2d 1120, 1123 (Me.1983). The Legislature intended thereby to allow governmental entities to avoid needless expense and litigation by providing an opportunity for amicable resolution of disputes prior to formal litigation. *Darling v. Augusta Mental Health Inst.*, 535 A.2d 421, 430 (Me.1987).

Pepperman's alleged notice fails to further that legislative purpose in several respects. First, Pepperman's communications were addressed to the town's lawyer. M.R.Civ.P. 4(d)(5) provides that the town clerk, selectmen, or assessors are the only proper persons to receive process on behalf of a town.[2] Second, none of the communications provided a concise statement of the nature and extent of the injury claimed. Although they referred to a "trespass," they contained no hint of the property damage or emotional distress that Pepperman alleges he suffered. Moreover, they failed to mention any monetary damages sought by Pepperman. In short, the communications fail to provide the town with a sufficiently clear basis for evaluating and investigating the claims for purposes of defense or settlement.[3]

1. Denial of a motion for a summary judgment on grounds of immunity is immediately appealable pursuant to an exception to the final judgment rule. *See Polley v. Atwell*, 581 A.2d 410, 413 (Me.1990).

2. In *Robinson v. Washington County*, 529 A.2d 1357, 1360 (Me.1987), we held that a notice that was sufficient in all other respects would substantially comply with the statute even if it was served on the real party in interest instead of the official designated by the statute to receive notice. We have declined to extend the holding in *Robinson* beyond cases in which the notice complies with all other requirements of the statute. *See Hall v. Town of Kittery*, 556 A.2d 662, 664 (Me.1989).

3. Pepperman states in his brief that his action against the three defendants was served within 180 days. We need not decide whether the complaint itself could serve as notice because it also contains no statement of the extent of the injury or the amount of monetary damages claimed. Moreover, none of the defendants in this case are designated by the statute as proper parties to receive notice on behalf of the town.

That conclusion is supported by prior cases interpreting the notice requirement of section 8107. In *Hall v. Town of Kittery*, 556 A.2d 662 (Me.1989), we held that a statement given to the town's insurer failed to satisfy the statutory notice requirement because it was not served on the proper town official and because it contained no statement of the amount of monetary damages claimed. *Id.* at 663–64. In *Kelly v. University of Maine*, 623 A.2d 169 (Me.1993), the plaintiff's attorney sent a letter to the administrative services office informing the university that he represented the plaintiff in connection with a personal injury claim against the university. The university also had a copy of the accident report of the incident on which the claim was based. *Id.* at 171. The plaintiff even collected money from the university's insurance carrier. We concluded that the claim was barred because the substance of the notice was inadequate and because the notice was not addressed to all of the necessary parties pursuant to the specific section of the notice statute at issue in that case. *Id.* at 172. In *Faucher*, the notice was oral, failed to contain a statement of the money damages sought, and was delivered to the school principal instead of the city clerk, treasurer, or manager, as required by the statute. *Faucher v. City of Auburn*, 465 A.2d at 1123. We determined that the combination of those three deficiencies amounted to more than mere inaccuracy of the type that would justify a finding of substantial compliance pursuant to section 8107(4). *Id.* Pepperman's alleged notice suffers from a similar range of defects.

 Pepperman argues that the officials must show prejudice resulting from his failure to provide statutory notice. That argument is without merit. *Faucher* makes clear that the governmental entity must show prejudice only when the errors in the notice amount to mere inaccuracies. *Faucher v. City of Auburn*, 465 A.2d at 1123. In this case, because Pepperman's notice fails substantially to comply with the statute, the town need not show prejudice.

The entry is:

Judgment vacated.

Remanded for the entry of a judgment for the defendants.

All concurring.