**Thomas F. McCARTHY, Individually and as Trustee of the Valeska Family Trust and Valeska Realty Trust, Plaintiff**

v.

**INHABITANTS OF THE TOWN OF KENNEBUNKPORT and Brian Shaw, Defendants**

**No. CIV. 05–02–P–H.**

United States District Court, D. Maine.

Feb. 24, 2005.

---

Robert M.A. Nadeau, Nadeau & McGarry, P.A., Wells, Sean T. McCarthy, Law Office Of Thomas F. McCarthy, Millbrook Tarry, Concord, MA, for Thomas S. McCarthy Individually and as Trustee of the Valeska Family Trust and Valeska Realty Trust, Plaintiff.

Melissa A. Hewey, Brian D. Willing, Drummond, Woodsum & MacMahon, Portland, ME, for Inhabitants of the Town of Kennebunkport and Brian Shaw, Defendants.

### DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS

HORNBY, District Judge.

█ This case arose out of a dispute between a landowner[1] and the Town of Kennebunkport ("the Town") over improvements that the landowner wished to make to his property. The Complaint names both the Town and its code enforcement officer as defendants. Count I alleges that the Town and its code enforcement officer trespassed on the landowner's property. Count II alleges that the code enforcement officer trespassed on the landowner's property by entering the dwelling located on the property. I conclude that Counts I and II must be DISMISSED for

---

1. Although the plaintiff states that he is suing in his individual capacity and as trustee of two trusts, his status as trustee is irrelevant to the resolution of this motion. For simplicity's sake, I refer to the plaintiff simply as "the landowner."

failure to give proper notice under the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8118.[2]

■ The Maine Tort Claims Act requires that a claimant against a governmental entity file a written notice of claim within 180 days after the cause of action accrues.[3] 14 M.R.S.A. § 8107(1). The notice must include:

A. The name and address of the claimant, and the name and address of the claimant's attorney or other representative, if any;

B. A concise statement of the basis of the claim, including the date, time, place and circumstances of the act, omission or occurrence complained of;

C. The name and address of any governmental employee involved, if known;

D. A concise statement of the nature and extent of the injury claimed to have been suffered; and

E. A statement of the amount of monetary damages claimed.

*Id.* For a political subdivision like a town or a town employee, notice must be filed with a person upon whom a complaint and summons could be served in a lawsuit against the town. *Id.* § 8107(3)(B).

The defendants say that the landowner did not provide the required notice, and that the failure to do so dooms his claims for trespass.

The landowner argues that the Town should be "estopped" from raising the notice defense because: (1) he achieved "substantial compliance" with the notice requirement; (2) the Town "was present and represented at all relevant times when the facts constituting the basis for the plaintiff's trespass claims were discovered"; and (3) the Town "has offered no evidence that it was prejudiced by the lack of notice."

■ I turn first to whether the landowner satisfied the notice requirement. Substantial compliance can sometimes suffice, but "the substantial compliance exception is applicable only when the 180–day requirement of § 8107(1) is satisfied." *Erickson v. State*, 444 A.2d 345, 349 (Me. 1982). The only notice the landowner relies upon here is his January 30, 2004 letter to the Town's attorney. I conclude that even if that letter was sent within the 180–day period,[4] it does not constitute sub-

---

2. Federal Rule of Civil Procedure 12(b) provides that "[a] motion making any of [the defenses listed in Rule 12(b)] shall be made before pleading if a further pleading is permitted." The landowner argues that Rule 12(b) precludes the defendants from making this motion to dismiss because they filed it electronically four minutes after filing the answer. (The answer was filed on January 5, 2005 at 11:20 am; the motion to dismiss was filed at 11:24 am on the same date.) I treat the documents as having been filed simultaneously. Moreover, I note that "none of the defenses enumerated in Rule 12(b) is waived by being [asserted in a responsive pleading]." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1348 (3d ed.2004). The defendants did assert the same defense in their answer and thus did not waive it.

3. The 180–day limit governs unless the claimant can show "good cause why the notice could not have reasonably been filed within [that] limit." 14 M.R.S.A. § 8107(1). The good cause exception "is interpreted narrowly," *Peters v. City of Westbrook*, 787 A.2d 141, 143 (Me.2001), and must be based on inability to file notice in the 180–day period or having been prevented from learning the information forming the basis of the complaint, *Smith v. Voisine*, 650 A.2d 1350, 1352 (Me.1994). The landowner here has not made any argument that the exception should apply.

4. In his opposition to the motion to dismiss, the landowner argues that "full presentment

stantial compliance. In *Pepperman v. Barrett*, a plaintiff wrote to the town's attorney complaining about an alleged trespass committed when town officers entered his land to survey it. 661 A.2d 1124, 1125 (Me.1995). The Law Court held that the letters did not constitute substantial compliance with the notice requirement because they were not delivered to the proper person, because they did not "provide[ ] a concise statement of the nature and extent of the injury claimed," and because they "contained no hint of the property damage or emotional distress" alleged by the plaintiff. *Id.* at 1126.

■ In this case, the landowner does not claim that he gave notice to a person designated by the Maine Tort Claims Act, namely, someone upon whom a complaint and summons could be served (the town clerk, or a selectman or assessor).[5] *Pepperman* made clear that notice to the town attorney does not satisfy the statute. 661 A.2d at 1126–27. Moreover, the January 30 letter does not include a concise statement of the nature or the extent of the landowner's injury, and it does not state the amount of damages claimed. What it says is that:

The Town of Kennebunkport and its Code Enforcement Officer have been placed on written notice, the receipt of which has been acknowledged, not to enter in or upon the premises ∴ ... without a warrant issued by a Court having

jurisdiction of the same. This notice and instruction continues despite the acknowledged egregious violations of the same by Town officials.

The letter also refers to the "repeated and acknowledged unlawful entries upon the property" by the code enforcement officer and the assistant code enforcement officer. Finally, it states:

As had been communicated to you at the outset of your involvement, I initially merely sought a public apology and reimbursement of the then relatively modest legal fees which I had incurred in defending the baseless allegations of a zoning provision which did not legally exist. I have been shocked at the extent of corruption and conflicts of interest in the Code Enforcement Office which have come to light in the discovery process, as well as the misrepresentations to the media concerning me by Town representatives, including your office.

I am determined to take appropriate action in an effort to insure that no other citizen of Kennebunkport is victimized by similar mistreatment.

The letter comes nowhere near meeting the statutory requirements. "In short, the communications fail[ed] to provide the [T]own with a sufficiently clear basis for evaluating and investigating the claims for purposes of defense or settlement." *Pepperman*, 661 A.2d at 1126. Thus, the letter does not constitute substantial compliance with the notice requirement of the

of any claims to which the [Maine Tort Claims Act] may apply was made in accordance with the relevant provisions of the [Maine Tort Claims Act] on a timely basis," and cites "*Exhibit D,* supra." Exhibit D is the January 30, 2004 letter. According to the time line of the complaint, the letter appears to have been sent more than 180 days after the alleged trespasses, and although the landowner argues that the letter was sent "on a timely basis," he does not allege that it was sent within the 180–day notice period.

5. 14 M.R.S.A. § 8107(3) provides that "[n]otice of claims against any political subdivision or an employee thereof shall be addressed to and filed with one of the persons upon whom a summons and complaint could be served under the Maine Rules of Civil Procedure, Rule 4, in a civil action against a political subdivision." Maine Rule of Civil Procedure 4(d)(5) provides that personal service upon a town shall be made "by delivering a copy of the summons and of the complaint to the clerk or one of the selectmen or assessors."

Maine Tort Claims Act, even if it was made within the 180–day period.

Whether the Town "was present and represented at all relevant times when the facts constituting the basis for the Plaintiff's trespass claims were discovered" is irrelevant. Likewise, the landowner's argument about the lack of prejudice to the Town is off the mark: "the governmental entity must show prejudice only when the errors in the notice amount to mere inaccuracies." *Pepperman*, 661 A.2d at 1127. This is not a case involving mere inaccuracies.

The landowner also argues that any failure to comply with the notice requirement is irrelevant to claims against the code enforcement officer in his individual capacity because the Maine Tort Claims Act does not require notice in a suit against a private individual. He asserts that the defendants have conceded that the Maine Tort Claims Act does not apply to those claims by admitting in their answer that the official "is named both in his individual and public employee capacities in this litigation." But that admission does not constitute an agreement that the complaint states a claim for individual liability. In fact, the complaint contains no allegation that the code enforcement officer was acting outside of his governmental duties at the time of the alleged trespass. Count I states:

> In the process of investigating the events leading to the enforcement action

and during times after [the code enforcement officer] issued the Notice of Violation/Corrective Order, the Town, through its agent and officials, and [the code enforcement officer] entered onto the Property without the knowledge or permission of the Plaintiffs and without other legal authority.

Count II incorporates the same allegation by reference. The claims against the code enforcement officer in Counts I and II are thus based on his performance of his official duties, and the Maine Tort Claims Act notice requirement applies.[6]

The motion to dismiss Counts I and II of the Complaint is GRANTED.

So ORDERED.

---

**6.** The landowner also argues that the Maine Tort Claims Act notice requirement should not apply because the asserted claims relate to intentional misconduct, which, he states, "do[es] not fall within the scope of the [Maine Tort Claims Act]." But the statute provides immunity for government employees for "any intentional act or omission within the course and scope of employment; except that immunity does not exist when an employee's actions are in bad faith." 14 M.R.S.A. § 8111(2)(E). The case law also explains that government employees are immune from liability for intentional acts or omissions, provided that the acts or omissions do not exceed the scope of any discretion the employee could have possessed in his or her official capacity. *See, e.g., Ellis v. Meade,* 887 F.Supp. 324, 331 (D.Me.1995); *Bowen v. Dep't Human Servs.,* 606 A.2d 1051, 1055 (Me.1992). As noted above, the landowner has made no allegation that the code enforcement officer was acting outside the scope of his employment.