STATE OF MAINE
CUMBERLAND, ss.



SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV06-354

PETER THROUMOULOS

Plaintiff

ORDER ON DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT and PLAINTIFF'S
MOTION TO QUASH

v.

STATE OF MAINE OFFICE OF
ATTORNEY GENERAL and
MICHAEL PULIRE

Defendants

This matter comes before the Court on Defendants' motion for summary judgment pursuant to M.R. Civ. P. 56(c) and Plaintiff's motion to quash the summary judgment motion.

## BACKGROUND

Plaintiff Peter Throumoulos ("Throumoulos") filed a complaint in June 2006 against the Office of the Attorney General for the State of Maine ("AG's Office") and Detective Michael Pulire ("Pulire"), who works for the AG's Office. He raised various tort claims, including malicious prosecution and defamation, as well as civil rights and due process violations. Throumoulos also amended the complaint twice in August 2006 to add intentional infliction of emotional distress and fraud claims. Apparently, the basis of his lawsuit is that Pulire interrogated him on May 22, 2006, shortly before the June 13 primary election, in which Throumoulos sought to be the Republican candidate for State Senate. This alleged interview lasted two and one-half hours. Ultimately, a grand jury

1

indicted Throumoulos for alleged criminal conduct unspecified in this complaint, resulting in a trial, conviction, and sentencing, all of which was reported in the *Portland Press Herald* and other newspapers. Throumoulos contends that the timing of the investigation and release of information was intended to sabotage his candidacy.

In response to the complaint, the AG's Office and Pulire raised numerous affirmative defenses, including failure to state a claim upon which relief can be granted, failure to comply with the notice provisions of the Maine Tort Claims Act ("MTCA"), insufficient service of process, Eleventh Amendment immunity, and qualified or absolute privilege, among others. Pulire and the AG's Office now move for summary judgment on the basis that Throumoulos failed to provide MTCA notice of his tort claims and failed to cite any authority to support his constitutional and civil rights claims. Throumoulos moves to quash the motion for summary judgment.

## DISCUSSION

1.     <u>Summary Judgment Standard.</u>

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. When a defendant seeks summary judgment, a "plaintiff must establish a prima facie case for each element of her cause of action." *Champagne*

2

*v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 9, 711 A.2d 842, 845. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65. Facts asserted in a statement of material facts that are not appropriately denied or qualified are deemed admitted. M.R. Civ. P. 56(h)(4).

2. Is Summary Judgment Warranted on the Basis of Failure to Comply with MTCA Notice Requirements?

The Maine Tort Claims Act provides "governmental entities" immunity from tort-based lawsuits, except as provided by the Act. 14 M.R.S.A. § 8103 (2006). When the Act removes immunity, litigants must follow specific procedures for bringing tort claims against governmental entities. *Id.* One basic component of the MTCA is the requirement that notice of a claim be filed "[w]ithin 180 days after any claim or cause of action permitted by this chapter accrues." *Id.* § 8107(1). This notice must include "[t]he name and address of the claimant" and his or her attorney, if applicable; "[a] concise statement of the basis of the claim, including the date, time, place and circumstances of the act, omission, or occurrence complained of;" the name of and contact information for "any governmental employee involved;" a brief explanation of the "nature and extent" of the harm suffered; and the amount of damages sought. *Id.*

When the lawsuit is against the State or a State employee, the notice must be served upon the department or agency alleged to be involved, as well as upon the Attorney General. *Id.* § 8107(3)(A). A party may not file a lawsuit in a Maine court until he or she has "substantially complied" with these notice provisions. *Id.* § 8017(4). Absent such compliance, a tort claim is barred. *Pepperman v. Barrett*, 661 A.2d 1124, 1126 (Me. 1995). The legislature's clear intent in

3

establishing these notice requirements was to conserve resources by promptly advising governmental entities of tort claims, and to promote the settlement of those claims before a formal lawsuit is filed. *Id.*

Here, the AG's Office and Pulire filed an uncontroverted statement of material facts, establishing that neither defendant ever received notice of Throumoupolos' claim before he filed a lawsuit. Throumoupolos failed to provide MTCA notice to either the AG's Office or Pulire as required by § 8107; instead, he filed a complaint in this Court. Because Throumoupolos did not comply with the MTCA, and did not properly contest the statement of material facts filed by both defendants, summary judgment must be granted on all tort claims listed in the complaint and amendments.

The defendants' summary judgment motion regarding the alleged civil rights and constitutional violations also is granted, as Throumoupolos did not cite a specific constitutional or statutory provision that would afford him the right to recover.[1] The circumstances underlying these allegations are unclear and cannot, as stated, provide a legal basis for relief. His motion to quash is denied.

> The entry is:
>
> Defendants' motion for summary judgment is GRANTED. Judgment is entered for Defendants on all claims. Plaintiff's motion to quash is denied.
>
> The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

---

[1] In the complaint, Throumoupolos cited no specific constitutional or statutory authority to support his allegations. In his motion to quash, he referred to ME. CONST. ART. I, § 6 and to the "Declaration of Rights" in § 6-a in relation to the questioning by Pulire, but did not demonstrate how his rights under these provisions were violated. If he had cognizable civil rights claims, he would have had to bring them under the Maine Civil Rights Act.

DATE: _May 15, 2007_

_Roland A. Cole_
Justice, Superior Court

COURTS
ıd County
ɔx 287
e 04112-0287

WILLIAM FISHER AAG
6 STATE HOUSE STATION
AUGUSTA ME 04333

COURTS
ıd County
ɔx 287
e 04112-0287

PETER THROUMOULOS
133 PORTLAND AVENUE APT 23
OLD ORCHARD BEACH ME 04064

