STATE OF MAINE
CUMBERLAND, ss

... . . .. M\I.\L
. B . .:L\HP, S:
. ;.I.(.'S Of F ICL

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-08-361

BRET REID,
    Plaintiff

.!:JJ'l !:.AR !b P 3: 03 REC .. . . . . . .

v.

THOMAS BISSELL,
    Defendant

ORDER ON DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

Before the Court is Defendant Thomas Bissell's Motion for Summary Judgment.[1]

## PROCEDURAL HISTORY

Plaintiff Bret Reid (hereinafter "Plaintiff" or "Reid") filed a Complaint on June 19, 2008. Subsequently, Plaintiff filed an Amended Complaint alleging Defendant Thomas Bissell's (hereinafter "Defendant" or "Bissell") negligence in the operation of a motor vehicle.[2] This incident allegedly occurred on August 14, 2006 at the Union Fair Grounds. On September 25, 2008, the clerk entered default against the Defendant. On February 19, 2009, the Court granted Defendant's Motion to Set Aside Default.[3] On

---

[1] On or about February 17, 2009, the Court treated the Plaintiff's Motion to Clarify as a Motion to Amend the Notice of Claim. The Court does not, however, have the authority to allow the Plaintiff to amend his notice of claim. If a claim is asserted against the State or a State employee, the Maine Tort Claims Act requires an injured party to file a notice of claim with the state department and the Attorney General within 180 days after the claim accrues. 14 M.R.S. §§ 8107(1),(3). As Justice Delahanty recently stated, "the MTCA does not allow for a judicial extension of the time limit to file a notice of claim after the expiration of the deadlines." *Thuotte v. Perry*, CUMSC-CV-07-422 n. 4 (Me. Super. Ct., Cum. Cty., June 26, 2008) (Delahanty, J.) (aff'd in *Thuotte v. Maine Turnpike Authority*, No. Mem. 08-227 (Dec. 4, 2008)). The MTCA does, however, allow for a late filing if the claimant can show good cause. 14 M.R.S. § 8107(1). Nevertheless, the notice must be filed within two years from the date that the cause of action accrues. 14 M.R.S. §§ 8107(1), 8110. Here, according to Plaintiff's Amended Complaint, the alleged injury occurred on August 14, 2006. Any notice of claim must have been filed no later than August 14, 2008.

[2] For the first time in his opposition (entitled "Motion to Deny Summary Judgment") Plaintiff alleges that his claim has "constitutional merit" and "is based on constitutional grounds." However, the Amended Complaint clearly alleges the Defendant's negligence. *See* Pl.'s Amend. Compl. ¶¶ 5, 18(b), 19. In this Amended Complaint, Plaintiff cites no specific constitutional authority to support his allegations. In his opposition, Plaintiff argues that he has a "Bivens type action[] based on constitutional grounds." Pl.'s Mot. to Deny Summ. J. at 1. However, a Bivens action, coined after *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 88 (1971), arises where *federal* agents are alleged to have violated an individual's constitutional rights. *See* Jack Simmons et al, *Maine Tort Law* § 15.10 (1999 ed.). There is no federal agent in this case. Therefore, absent any other constitutional bases in Plaintiff's Amended Complaint, Plaintiff's claim rests entirely on tort grounds.

[3] Various issues arose regarding service of process; however, on February 6, 2009, the Plaintiff obtained service by acknowledgment.

January 28, 2009, Defendant filed the Motion for Summary Judgment currently before the Court.[4]

## FACTUAL BACKGROUND

The following facts[5] are undisputed.[6] The custodian of records for the Department of Corrections ("DOC'"), Monica Gorman, diligently searched the records of all tort claims filed with the DOC from January 1, 2006 to the present. The DOC received one notice of tort claim from the Plaintiff. This notice of claim is dated January 16, 2007. This notice of claim was not served on the office of the Attorney General. The custodian of the records of notice of tort claims served on the Office of the Attorney General, Alice Sproul, never received any notice of claim from the Plaintiff.[7]

## DISCUSSION

### A.    Summary Judgment Standard

The Defendant brings this motion for summary judgment on the ground that the Plaintiff failed to comply with the tort claim notice requirements of the Maine Tort

---

[4] The timing of Defendant's filing of his motion for summary judgment is curious for two reasons. First, Defendant filed this motion *after* the entry of default but *before* the Court's decision to provide relief from default. Second, Defendant submitted this summary judgment motion *before* he filed an answer to the amended complaint. Defendant filed an answer on February 27, 2009.

[5] At summary judgment both the moving and the non-moving party must present admissible evidence to support or oppose the motion. "[T]he factual basis to support or oppose a motion for summary judgment can be provided by (i) any statement under oath including affidavits, interrogatory responses, depositions, and hearing transcripts; or (ii) any other document that would have evidentiary significance in a trial." *MSBA Practice Series Maine Rules of Civil Procedure* 386 (Hon. Donald G. Alexander et al. eds., 2008). However, "[u]nsupported denials of facts asserted by the moving party, or references to portions of an unverified complaint, do not satisfy the admissibility standard." *Id.* Here, the Defendant cites to the Plaintiff's Complaint and Amended Complaint throughout his statement of material facts. *See* Def.'s S.M.F.¶¶ 1-6. Because neither filing was verified, they cannot provide admissible evidence upon which the Court may rely.

[6] The Plaintiff failed to respond to Defendant's statement of material facts in accordance with M.R. Civ. P. 56(h)(2). The facts supported by admissible evidence, Def.'s S.M.F. ¶¶ 7-15, are deemed admitted. M.R. Civ. P. 56(h)(4). The Plaintiff's plea for judicial leniency by reason of his *pro se* status falls on deaf ears. The Law Court has reiterated numerous times that *pro se* litigants are held to the same standards as those litigants who are represented by counsel. *See e.g., Dyer Goodall and Federle v. Proctor,* 2007 ME 145, ¶ 18, 935 A.2d 1123, 1127. These standards include compliance with the Maine Rules of Civil Procedure. *Id.*

[7] On March 4, 2009, the Plaintiff filed an "Amended Motion to Deny Summary Judgment" and Statement of Material Facts." These late filings do not comply with M.R. Civ. P. 56(e), (h)(2) or M.R. Civ. P. 7(c). They are not considered in this decision.

2

Claims Act (MTCA), 14 M.R.S. §§ 8101-8118 (2008). Specifically, Defendant argues that Plaintiff's notice of claim filed with the DOC was substantively inadequate and it was also procedurally deficient in that the Plaintiff did not file a copy of the notice of claim with the Attorney General. These failures, argues Defendant, preclude Plaintiff from pursuing this action.

In a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party to decide whether the parties' statements of material facts and the referenced record material reveal a genuine issue of material fact. *Rogers v. Jackson*, 2002 ME 140, ¶ 5, 804 A.2d 379, 380 (citations omitted). The Court gives the party opposing summary judgment the benefit of any inferences that might reasonably be drawn from the facts presented. *Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18, 22. If the record reveals no genuine issue of material fact then summary judgment is proper. *Id.* ¶ 6, 784 A.2d at 21. A genuine issue of material fact exists when there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial. *Lever v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178, 1179.

## B.     Notice of Claim

The MTCA begins from the proposition that all government entities "shall be immune from suit on any and all tort claims seeking recovery of damages." 14 M.R.S. § 8103 (2008). However, the statute carves out various exceptions to this immunity, including negligent use of a motor vehicle by a governmental entity. *Id.* § 8104-A(1)(A).

The MTCA outlines the specific procedures that potential plaintiffs must follow in order to pursue actions where the MTCA lifts governmental immunity. If the claim is against the State or an employee thereof, potential plaintiffs must present a notice of

3

claim to the governmental entity involved, and file a copy of the notice of claim with the Attorney General. *Id.* § 8107(3)(A). This notice of claim must be provided "[w]ithin 180 days after any claim or cause of action permitted by this chapter accrues." *Id.* § 8107(1). Alternatively, the notice of claim may be presented after the 180 days, but within the two-year statute of limitations period, if "a claimant shows good cause why notice could not have reasonably been filed within the 180-day limit." *Id.* In either scenario, a potential plaintiff must substantially comply with the notice provision *prior* to the commencement of an action against a governmental entity or a government employee in the Superior Court. *Id.* § 8107(4). "The substantial compliance exception is properly invoked only when the notice, although timely filed or excused from timely filing because of good cause, is defective in some other respect such as the failure to satisfy the form requirements of § 8107 (1) (A-E)." *Erickson v. State,* 444 A.2d 345, 350 (Me. 1982). The notice of claim must be in writing and must contain the following:

> A. The name and address of the claimant, and the name and address of the claimant's attorney or other representative, if any;
>
> B. A concise statement of the basis of the claim, including the date, time, place and circumstances of the act, omission or occurrence complained of;
>
> C. The name and address of any governmental employee involved, if known;
>
> D. A concise statement of the nature and extent of the injury claimed to have been suffered; and
>
> E. A statement of the amount of monetary damages claimed.

*Id.* § 8107(1)(A)-(E).

The purpose of the MTCA's notice requirement "is to enable the governmental entity to investigate and evaluate claims for purposes of defense or settlement." *Pepperman v. Barrett,* 661 A.2d 1124, 1126 (Me. 1995). The notice requirement exists for an action where the employee is acting within the scope of employment "even though

4

the entity is not itself joined as a defendant." *Darling v. Augusta Mental Health Institute*, 535 A.2d 421, 430 (Me. 1987).

Courts generally look to see if the errors in the notice of claim constitute mere "inaccuracies" or whether the errors are more fundamental. *Pepperman*, 661 A.2d at 1128-29. If the errors are mere errors of form, the governmental entity must show prejudice, whereas if the errors are considered fundamental, the notice of claim is invalid under the MTCA. *Id.* In the instant case, Plaintiff filed the notice of claim with the DOC within the 180-day period. The issue is whether the notice of claim substantially complied with the requirements of 14 M.R.S. § 8107(1)(A)-(E).

In *Pepperman v. Barrett*, the Law Court held that the claimant's notice did not substantially comply with the notice requirements because (1) the claimant did not serve notice on the person designated to receive process under the Maine Rules of Civil Procedure; (2) the notice failed to describe the nature and extent of the injury; and (3) the notice failed to describe the monetary damages sought by the claimant. 661 A.2d at 1126. "In short, the communications fail[ed] to provide the town with a sufficiently clear basis for evaluating and investigating the claims for purposes of defense or settlement." *Id.* In contrast, the Law Court held that a claimant substantially complied with the notice requirements when she presented the notice directly to the litigants, rather than the governmental entities listed in M.R. Civ. P. 4(d)(4). *Robinson v. Washington County*, 529 A.2d 1357, 1360 (Me. 1987). The *Robinson* court did, however, explicitly state that the letter contained all section 8107(1)(A)-(E) requirements. *Id.* n.1. Subsequently, the Law Court has declined to extend this holding to situations where the notice did not meet the MTCA requirements. *Hall v. Town of Kittery*, 556 A.2d 662, 664 (Me. 1989).

5

Here, Plaintiff's notice of claim states the nature and extent of his injuries; the names and addresses of the governmental employees involved; and states specific dollar amounts sought for compensatory and punitive damages. Missing from this notice of claim, however, is the basis of the claim. The notice of claim does not state the date, time, place, and circumstances of the act, omission, or occurrence complained of.[8] Plaintiff's notice of claim did not merely inaccurately state the date, time, and circumstances of the event; rather, Plaintiff omitted this information entirely from the notice of claim sent to the DOC. Additionally, it is undisputed that Plaintiff did not send a copy of the notice of claim to the Attorney General as required by section 8107(3)(A). These deficiencies in Plaintiff's notice of claim preclude a finding that he substantially complied with section 8107 of the MTCA. To hold otherwise would frustrate the purpose of the MTCA notice requirement, which is to facilitate early investigation, evaluation, and settlement by state employers prior to the commencement of a civil action. *See Pepperman*, 661 A.2d at 1126. Therefore, Plaintiff's action is precluded by the MTCA. 14 M.R.S. § 8107(4) ("No claim or action shall be commenced against a governmental entity or employee in the Superior Court unless the foregoing notice provisions are substantially complied with.").

## C.  Scope of Employment

Next, the Court must consider the procedural posture of this case. The Court has before it a skeleton summary judgment record. There is no admissible evidence before the Court regarding the facts and circumstances of the event that gave rise to this action.

---

[8] Reid contends that the DOC knew the basis of his claim because he filed a grievance shortly after the incident. This argument is flawed for several reasons. First, Plaintiff did not attach the grievance, nor did he incorporate the grievance into a statement of facts. For this reason alone the Court may disregard this information. Notably, however, the grievance is attached to Plaintiff's supplemental filings. For the reasons stated in *supra* note 7, the Court disregards this information. More fundamentally, the MTCA is a legislative directive that prescribes the information required in a notice of claim and the person(s) to whom such notice must be addressed. To hold as Reid contends, would allow incarcerated persons to circumvent the MTCA notice requirements by simply filing a grievance with the DOC. The Court is unwilling to make such a ruling.

6

*See discussion supra* note 5. Specifically, there is no admissible evidence that identifies Defendant Bissell as acting within the scope of his employment on the date of the alleged incident that caused harm to the Plaintiff.[9] If Plaintiff's claim did not arise out of Defendant's actions within the scope of his employment then the notice provisions of the MTCA do not apply.[10] *See Darling,* 535 A.2d at 430, *Warren v. Nolan,* 536 A.2d 1134, 1135 (Me. 1988) (rejecting defendants' motion for summary judgment based on plaintiff's failure to present adequate notice of claim because there was a genuine issue of fact whether the defendants were acting within the scope of their employment when they allegedly made a defamatory statement about the plaintiff); *Naslund v. Maloney,* CUMSC-CV-92-839 (Me. Super. Ct., Cum. Cty., Feb. 14, 1996) (Crowley, J.) (denying defendant's motion for summary judgment based on plaintiff's failure to comply with the MTCA notice requirements where the court held that the defendant was not acting within the scope of his employment).

Without any admissible evidence regarding Defendant's scope of employment, the Court cannot hold, as a matter of law, that Bissell was acting in such a capacity at the time of the alleged incident. Giving all favorable inferences to the non-moving party, the Court denies Defendant's motion for summary judgment with respect to any personal liability of Defendant Bissell for the actions he may have committed outside the scope of his employment.

Therefore, the entry is:

Plaintiff Brett Reid's Motion to Amend the Notice of Claim is DISMISSED.

---

[9] Although Defendant puts this "fact" into his Rule 56(h) statement of facts he cites to only the Amended Complaint for this proposition. Def.'s S.M.F. ¶¶ 4-6. Because this "fact" is not supported by an appropriate record citation, the Plaintiff's failure to controvert this fact is irrelevant.

[10] This is distinguished from the MTCA requirement that claimants give notice to the state agency, regardless of whether that state agency is a named party. *See Darling,* 535 A.2d at 430.

7

Defendant Thomas Bissell's Motion for Summary Judgment is GRANTED insofar as Plaintiff's Amended Complaint alleges that Thomas Bissell was acting within the scope of his employment.

Defendant Thomas Bissell's Motion for Summary Judgment is DENIED insofar as Plaintiff's Amended Complaint alleges that Thomas Bissell was acting outside the scope of his employment.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _16th_ day of _March_____, 2009.

Robert E. Crowley
Justice, Superior Court

8

·COURTS
ıd County
ɔx 287
e 04112-0287


MARTHA HALLISEY SWIFT AAG
DEPARTMENT OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04330


ƆF COURTS
·land County
Box 287
aine 04112-0287


BRET REID
MAINE STATE PRISON
807 CUSHING RD
WARREN ME 04864

STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
CUMBERLAND, ss
CLERK'S OFFICE

2009 JUL 31 P 3: 34

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. 08-361

BRETT REID,
      Plaintiff

v.

THOMAS BISSELL,
      Defendant

ORDER ON
ALL PENDING
MOTIONS

Before the Court is Defendant Thomas Bissell's motion for summary judgment pursuant to M.R. Civ. P. 56. The Court also addresses Plaintiff Brett Reid's motion to amend the statement of material facts, his motion to deny summary judgment and his motion to compel discovery.

## PROCEDURAL HISTORY

The procedural history of this case is detailed in this Court's Order dated March 16, 2009. In this Order, the Court held that the notice of claim served by Plaintiff Brett Reid ("Plaintiff" or "Reid") on the Department of Corrections ("Department") did not substantially comply with the requirements of the Maine Tort Claims Act and was inadequate. As a result of this finding, the Court granted summary judgment for Defendant Thomas Bissell ("Defendant" or Bissell") to the extent the Plaintiff's amended complaint alleged he was acting within the scope of his employment. At that point, there was insufficient evidence in the record to answer the question of whether Defendant Bissell was acting outside the scope of his employment. The Defendant's motion for summary judgment currently before the Court addresses the narrow issue as to whether Bissell was acting within the scope of his employment when the action accrued.

## FACTUAL BACKGROUND

The relevant facts for the determination of Defendant's motion for summary

judgment are not in dispute. On the date of the incident alleged in the Plaintiff's complaint, August 14, 2006, Bissell was a corrections officer at the Bolduc Correctional Facility. At that time, Bissell had been employed as a corrections officer for eighteen years.

The Bolduc Correctional Facility is a work facility, which affords inmates the opportunity to work and earn good time. Inmates at the Bolduc Correctional Facility are sometimes given the opportunity to work on community service work projects. As a corrections officer at the Bolduc Correctional Facility, one of Bissell's duties is to act as work crew boss and supervise inmates on community work projects. On August 14, 2006, Bissell was working as a corrections officer supervising inmates on a work project at the Union Fair Grounds. On this day, Bissell was responsible for transporting inmates and overseeing them while they worked at the Union Fair Grounds.

Plaintiff Reid was an inmate on a work group consisting of five inmates assigned to work under the supervision of Bissell at the Union Fair Grounds. Bissell supervised Reid during his time at the Union Fair Grounds in his capacity as a corrections officer. Bissell was also responsible, as the supervising corrections officer, for transporting Reid in connection with the work assignment.

## DISCUSSION

### I. Standard of Review

A government employee is defined under the Maine Tort Claims Act as "a person acting on behalf of a governmental entity in any official capacity, whether temporarily or permanently, and whether with or without compensation from local, state or federal funds...." 14 M.R.S. § 8102(1). The question whether Bissell acted as an "employee" pursuant to the Maine Tort Claims Act when he was driving the vehicle

2

from which Reid allegedly fell is "predominantly a question of law for the court to determine." *See Cushman v. Tilton*, 652 A.2d 650, 651 (Me. 1995). However, "this question of law contains subsidiary questions of fact as well." *Id.* at 652. In determining whether a government employee is acting within the scope of his employment when the alleged tortious act occurred, the Law Court considers the specific duties and responsibilities the individual was engaging in when the claim accrued. *Id.* Specifically, the Law Court considers whether the type of conduct at issue is the "type of conduct the employee was hired to perform; occurs within the time and space of the employment; and is undertaken, at least partially to serve the employee's master." *Morgan v. Kooistra*, 2008 ME 26, ¶ 21, 941 A.2d 447, 454.

## II. Scope of Employment

Defendant Bissell argues that summary judgment is appropriate in this case because there is no genuine issue of material fact with regard to Bissell's actions and conduct on the date of the alleged incident. Bissell argues that this conclusion is clear after considering the undisputed facts regarding Bissell's duties, responsibilities and actions as a corrections officer on that day. In opposition, Reid argues, that negligent acts, such as ordering Reid to ride in the back of the work truck and/or driving erratically, takes Bissell outside the scope of his employment.

It is undisputed, as detailed above, that Defendant Bissell was acting in the capacity of a corrections officer when the accident allegedly occurred. As a corrections officer, Bissell was required to supervise Reid while he performed his duties at the Union Fair Grounds. This supervision included the transportation of Reid during his work at the Union Fair Grounds. The alleged incident occurred at the worksite approved by the Bolduc Correctional Facility. There is no evidence on the record suggesting that Bissell was using the vehicle for his own personal use when the accident

3

occurred. Certainly, the transportation of the inmates, including Reid, as well as the materials in the bed of the work truck was done to serve Bissell's employer, the Bolduc Correctional Facility. Indeed, those were some of his specific duties for his employment on that day.

The Court holds that Defendant Bissell was acting as a government employee within the scope of his employment when the action accrued, and Plaintiff Reid was required to file an adequate notice of tort claim on the Department and the Office of the Attorney General. *See* 14 M.R.S. § 8107(3)(A); *see also* Order dated March 16, 2009. This was not done in this case. Therefore, the Court grants Defendant Bissell's motion for summary judgment.

Because the Court concludes that Bissell was an employee acting within the scope of his employment and that Reid failed to comply with the notice provisions of the Maine Tort Claims Act, we need not discuss the other legal issues raised by Reid, including Plaintiff's motion to amend the statement of material facts; his motion to deny summary judgment; and his motion to compel discovery.

Since the ruling on the motion for summary judgment is dispositive of all claims made by Plaintiff Brett Reid, judgment will be entered for Defendant Thomas Bissell.

Therefore, the entry is:

> Defendant Thomas Bissell's Motion for Summary Judgment is GRANTED insofar as Plaintiff's Amended Complaint alleges that Thomas Bissell was acting outside the scope of his employment. Judgment for Defendant Thomas Bissell.
>
> Plaintiff Brett Reid's Plaintiff's motion to amend the statement of material facts, his motion to deny summary judgment and his motion to compel discovery are DISMISSED as MOOT.
>
> The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

4

Dated at Portland, Maine this _31st_ day of _July_, 2009.

Robert E. Crowley
Justice, Superior Court

5

ERK OF COURTS
umberland County
P.O. Box 287
nd, Maine 04112-0287

MARTHA HALLISEY SWIFT AAG
DEPARTMENT OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04330

OF COURTS
erland County
). Box 287
/aine 04112-0287

BRET REID
PO BOX 256
EAST MACHIAS ME 04630