STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-06-307

CATHLEEN MELTON-MATTHEWS,

Plaintiff

v.

**DECISION AND ORDER**

CASELLA WASTE SYSTEMS, INC. and/or
CASELLA WASTE MANAGEMENT, INC.
d/b/a PINE TREE WASTE, INC.,
STEPHEN COGSWELL, JR.,
DYSART'S TRANSPORTATION, INC.,
RICHARD HANNAN, and
ROBERT LAFRANCE,

Defendants

DONALD L. GARBRECHT
LAW LIBRARY

MAY 15 2007

The matter came before the court on defendant Robert LaFrance's Motion to Dismiss pursuant to 12(b)(6).

## BACKGROUND & PROCEDURAL HISTORY

This action arises from a motor-vehicle collision involving four parties, which occurred on June 7, 2000. A previous action arising from the same event was commenced on July 5, 2005 and was dismissed without prejudice on April 18, 2006. A three-Count complaint was filed on June 5, 2006 alleging negligence by three drivers harmed the plaintiff. The defendants are Stephen Cogswell; Cogwell's employer Casella Waste Systems, Inc. and/or Casella Waste Management, Inc. d/b/a Pine Tree Waste, Inc.; Richard Hannan; Hannan's employer Dysart's Transportation, Inc.; and Defendant Robert LaFrance. LaFrance has filed a Motion to Dismiss pursuant to M.R.Civ.P. 12(b)(6), the other defendants filed answers and all defendants filed cross-claims and

1

answers to those cross claims. The City of Portland, LaFrance's employer, has been brought into the action through a third-party complaint.

## DISCUSSION

When reviewing a Motion to Dismiss based on a failure to state a claim upon which relief can be granted, the court examines the complaint "in the light most favorable to the plaintiff and accept[s] the material facts of the complaint as true." *Davric Me. Corp. v. Bangor Historic Track, Inc.*, 2000 ME 102, ¶6, 751 A.2d 1024, 1028 (citations omitted); *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43, 46. A court should dismiss the action only if "it appears beyond a reasonable doubt that a plaintiff is entitled to no relief under any set of facts that [the plaintiff] might prove to support [their] claim." *Moody*, 2004 ME 20 ¶ 7, 843 A.2d at 47 (internal citation omitted).

The Maine Tort Claims Act, 14 M.R.S.A § 8101-8118, provides limited immunity and, in actions that are allowed, provides specific procedures to bring suit against governmental entities, including cities. Under the act, an "employee" is defined as "a person acting on behalf of a governmental entity in any official capacity." 14 M.R.S.A. § 8102(1). When bringing suit against a government employee in his or her individual capacity, for actions taken within the scope of his or her employment, the procedures of the Maine Tort Claims Act must be followed. *Cushman v. Tilton, et al.*, 652 A.2d 650, 650-52 (Me. 1995). The issue is procedural, not whether LaFrance was engaged in a discretionary act that provides immunity. 14 M.R.S.A. § 8111(1)(C).

The Maine Tort Claims Act requires that notice be served on a governmental entity within 180 days of the event that gave rise to the complaint. 14 M.R.S.A § 8107. The statute of limitations to bring a suit under the Maine Tort Claims Act is two years from the date of the event. 14 M.R.S.A. § 8110.

The complaint states: "Defendant LaFrance, an employee of the City of Portland,

2

was driving a truck in the course of his employment" when the accident occurred. Compl. ¶ 9. Taking the facts stated in the complaint as true, defendant LaFrance was working within his scope of employment for the City of Portland when the accident occurred and, therefore, the Maine Tort Claims Act is applicable. The plaintiff has provided no evidence that the required statutory claim notice was ever served on LaFrance or the City of Portland within the 180-day period. Furthermore, this complaint was filed on June 5, 2006, well after the two year statute of limitation expired on June 7, 2002; thus, the suit is clearly barred.[1]

## DECISION

The clerk will make the following entry onto the docket as the Decision and Order of the court:

1. Defendant LaFrance's motion to dismiss is granted.

2. It is ordered that the complaint against defendant LaFrance is dismissed.

3. Defendant LaFrance may recover his costs.

SO ORDERED.

DATED: February 1, 2007

Thomas E. Delahanty II
Justice, Superior Court

---

[1] LaFrance was not a party to the original suit filed on July 5, 2005, but that suit also was filed after the applicable statute of limitations had run.

MARK DUNLAP ESQ  . *Lawrence/ City 8*
NORMAN HANSON & DETROY  *Portland*
PO BOX 4600
PORTLAND ME 04112-4600


FREDERICK BADGER ESQ  *. Oxford/ Human*
RICHARDSON WHITMAN LARGE & BADGER
PO BOX 2429
BANGOR ME 04402-2429


J PETER THOMPSON ESQ  - *Chapwell/ Casella*
PO BOX 3152
LEWISTON ME 04243-3152


JAMES MACADAM ESQ - *Pl 4*
208 FORE ST
PORTLAND ME 04101