**William KELLY**

v.

**UNIVERSITY OF MAINE, et al.**

Supreme Judicial Court of Maine.

Argued March 5, 1993.

Decided April 13, 1993.

Brenda M. Buchanan (orally), Law Offices of Miles D. Friedman, Searsport, for plaintiff.

David P. Very (orally), Norman, Hanson & Detroy, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Plaintiff William Kelly appeals from an order of the Superior Court (Waldo County, *Smith, J.*) granting a summary judgment in favor of defendants University of Maine and its employee Alan R. Wilcox Jr. in plaintiff's personal injury action. The court ordered judgment on the basis that plaintiff had failed to comply with the notice requirement under the Maine Tort Claims Act.[1] Plaintiff contends that the court erred in granting a summary judgment because (1) the Legislature enacted a new statutory definition of "good cause" in time to apply to his case, (2) the legislative change merely clarified a definition already applicable, (3) defendant should have been estopped from raising a sufficiency of no-

---

1. The Act provides as follows:

1. Within 180 days after any claim or cause of action permitted by this chapter accrues, or at a later time within the time limits of section 8110, when a claimant shows good cause why notice could not have reasonably been filed within the 180-day limit, a claimant or his personal representative shall file a written notice containing:

A. The name and address of the claimant, and the name and address of the claimant's attorney or other representative, if any;

B. A concise statement of the basis of the claim, including the date, time, place and circumstances of the act, omission or occurrence complained of;

C. The name and address of any governmental employee involved, if known;

D. A concise statement of the nature and extent of the injury claimed to have been suffered; and

E. A statement of the amount of monetary damages claimed.

. . . . .

3. ... If the claim is against the State or an employee thereof, copies of the notice shall be addressed to and filed with the state department, board, agency, commission or authority whose act or omission is said to have caused the injury and the Attorney General.

. . . . .

4. No claim or action shall be commenced against a governmental entity or employee in the Superior Court unless the foregoing notice provisions are substantially complied with. A claim filed under this section shall not be held invalid or insufficient by reason of an inaccuracy in stating the time, place, nature of cause of the claim, or otherwise, unless it is shown that the governmental entity was in fact prejudiced thereby.

14 M.R.S.A. § 8107 (1980 & Supp.1992).

tice defense, and (4) plaintiff substantially complied with the notice requirement. Finding that plaintiff failed to preserve the issue of good cause by raising it in the Superior Court, and finding no error by the court, we affirm the judgment.

Plaintiff, a University of Maine student, was struck by a University van driven by Wilcox on the Orono campus on February 14, 1991. The Maine Tort Claims Act requires that a party bringing a claim or action against the State must notify the State agency or authority and the Attorney General of the particulars of the claim within 180 days after the cause of action accrued. 14 M.R.S.A. § 8107. An accident report was filed with the University Department of Public Safety, which forwarded it to the University Chancellor's office. Plaintiff's counsel advised the University's Administrative Services Office by letter dated Feb. 21, 1991, that he represented plaintiff in connection with a personal injury claim and indicated that there was a "pending action." Plaintiff's counsel later submitted medical bills to the University's insurance carrier and requested payment for those bills in advance of settlement. The insurer eventually responded by letter that it was "unable to consider an advance on the medical bills as we are still in the process of investigating this accident" and requested medical reports and a statement from plaintiff's employer on plaintiff's wage loss. Ultimately, the insurer notified plaintiff that it would not further consider his claim because plaintiff did not file a formal "notice of claim" within 180 days after the cause of action accrued.

On October 9, 1991, an amendment to 14 M.R.S.A. § 8107 providing a definition of "good cause" became effective.[2] The amendment significantly broadened the definition of "good cause" beyond the construction we adopted in *Bruno v. City of Lewiston,* 570 A.2d 1221 (Me.1990).[3]

Nineteen days after the statutory change took effect, and more than 180 days after the accident, plaintiff filed a complaint against defendants alleging negligence and seeking damages. Defendants' motion for a summary judgment was granted, and this appeal followed.

Summary judgment is appropriate when a party establishes that no genuine issue exists as to any material fact and the party is entitled to judgment as a matter of law. *Gardner v. City of Biddeford,* 565 A.2d 329, 330 (Me.1989). We review for error of law, viewing the evidence in the light most favorable to the party against whom a summary judgment was granted. *H.E.P. Development Group Inc. v. Nelson,* 606 A.2d 774, 775 (Me.1992).

▇ Plaintiff contends that the court erred in granting a summary judgment because the amendment defining "good cause," although not effective before the 180–day period for proper notice of his claim expired, had been passed by the Legislature and signed by the Governor. We do not reach the merits of plaintiff's argument. Plaintiff never argued to the Superior Court that he had good cause for not filing a notice in a timely manner but argued only that he had substantially complied with the notice requirement. Consequently, the court decided the case solely on the issue of substantial compliance, and the issue of good cause was not preserved. "No principle is better settled than that a party who raises an issue for the first time on appeal will be deemed to have waived the issue, even if the issue is one of constitutional law." *Cyr v. Cyr,* 432 A.2d 793, 797 (Me.1981).

**2.** The new definition of "good cause" reads:
"Good cause" as used in subsection 1 includes but is not limited to any cases in which any official of the governmental entity whose duties and authority include the settlement of tort claims or any tort liability insurer of the governmental entity makes direct oral or written contacts with the claimant or the claimant's personal representative or attorney, including payments to or on behalf of the claim-

ant, that contain or imply a promise of coverage sufficient to cause a reasonable person to believe that the losses for which no timely notice claim is filed would be covered.
14 M.R.S.A. § 8107(5) (Supp.1992).

**3.** This Court in *Bruno v. City of Lewiston,* 570 A.2d 1221 (Me.1990), reiterated that "good cause pertains only to the *inability* to file the required claim." *Id.* at 1222.

Plaintiff next contends the court erred by not estopping defendants from raising the defense of insufficiency of notice because the actions of the University and its insurance company induced plaintiff "not to take timely legal action." Again, plaintiff failed to preserve the issue by raising it in the Superior Court. *Id.*

Finally, plaintiff argues that the court erred in finding that he did not substantially comply with the notice requirements. He contends the accident report and a letter from his counsel advising the University of his representation provided defendants with sufficient information to fully investigate the claim and defenses, and he maintains that defendants were not prejudiced by any deficiency in the notice or by the failure to notify the Attorney General's office within 180 days after the accident.

The substantial compliance exception provided by 14 M.R.S.A. § 8107(4) "is properly invoked only when the notice, although timely filed or excused from timely filing because of good cause, is defective in some other respect such as the failure to satisfy the form requirements of § 8107(1)(A–E)." *Erickson v. State*, 444 A.2d 345, 350 (Me.1982). The applicable section required plaintiff to file notice with the authority whose act caused the injury and with the Attorney General. 14 M.R.S.A. § 8107(3)(A). Plaintiff acknowledges that notice was not given to the Attorney General until after the 180–day notification period expired. The court did not err in finding that plaintiff did not substantially comply with the notice requirement when no notice was given to the Attorney General and only a routine police accident report and a letter of representation were provided to the University within the 180 days after the cause of action accrued.

The entry is:

Judgment affirmed.

All concurring.