RECEIVED

JUN 1 3 2003

SUPERIOR COURT
Cumberland, ss. Clerk's Office
STATE OF MAINE

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-540
REC - CUM - 6/13/20...

LARRY MOODY,

Plaintiff

v.

ORDER ON DEFENDANT'S MOTION
TO DISMISS

DONALD L. GARBRECHT
LAW LIBRARY

AUG 1 3 2003,

THE MAINE STATE LOTTERY,
Defendant.

Defendant's Motion to Dismiss for Failure to Properly Identify a Party and for Failure to State a Claim is before the court. Defendant asserts that the matter should be dismissed for failure to name the proper party. Because the proper agency within the State of Maine is present before the court and has made filings on behalf of the State, the Complaint is not dismissed on that ground. The Maine State Lottery does not exist as a state agency. The Bureau of Alcoholic Beverages and Lottery Operations within the Department of Administrative and Financial Services carries out the duties of the State Lottery. For purposes of this Order, the Defendant will be referred to as the State.

## FACTUAL BACKGROUND

Plaintiff Larry Moody, a resident of Scarborough, Maine, purchased a lottery ticket captioned "Wild Card Cash." On April 1, 2002 , Plaintiff submitted an allegedly winning ticket to the Maine State Lottery for payment.[1]

---

[1] On March 28, 2003, Plaintiff filed a Motion for Leave to Amend Complaint. The Amended Complaint would substitute the proper parties and alter the allegations to include the "significant expenditures" by the Plaintiff in purchasing other Wild Card Cash tickets. Opposition to the motion was filed on April 18, 2003.

Defendant opposes the Plaintiff's motion because it was untimely, failed to adhere to the requirements of M.R.Civ.P. 7(b)(3)(stating that motion must specifically state the relief to be granted), and, as a result, the scope of the amendment is unclear and the Defendant will be

The ticket submitted has six "hands" that may be scratched off to reveal a possible winning "pair." The ticket also contains a separate scratch box labeled "wild card." The directions state "Get a pair in any HAND, win PRIZE shown for that HAND. Use WILD CARD to make a pair in any HAND, win PRIZE shown for that HAND."

None of the "hands" on Plaintiff's ticket made a pair. The "wild card" was a five. There were no fives in any of the Plaintiff's "hands." However, Plaintiff contends that the "five card" is a "wild card" and, therefore, he can select any number for that card to represent. He selected a "four card" or a "six card" in order to make a pair in the hand with the $20,000 prize listed, which consisted of a "four card" and a "six card."

After submission of the ticket, the State responded with a letter stating that the ticket was "non-winning" and that "the way you played every card would be a winner." Plaintiff brings claims for breach of contract (Count I) and fraud (Count II).

## DISCUSSION

A motion to dismiss under M.R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. Seacoast Hangar Condominium II Assoc. v. Martel, 2001 ME 112, ¶ 16, 775 A.2d 1166. A complaint that fails "to state a claim upon which relief can be granted," must be dismissed. M.R.Civ.P. 12(b)(6). The court must presume the facts as alleged in the complaint and draw all inferences as may be reasonable in a light most favorable to the plaintiff. Herber v. Lucerne-in-Maine Village Corp., 2000 ME 137, ¶ 7, 755 A.2d 1064.

---

prejudiced by responding to unspecified allegations. Although leave to amend shall be freely given, "[t]his mandate means that 'if the moving party is not acting in bad faith or for delay, the motion will be granted in the absence of undue prejudice.'" Diversified Foods, Inc. v. First Nat'l Bank, 605 A.2d 609, 616 (Me.1992)(quoting 1 Field, McKusick & Wroth, Maine Civil Practice, § 15.4 at 303-04 (2d ed. 1970)). Plaintiff's Motion to Amend is denied for failure to comply with Rule 7 and the Scheduling Order of July 18, 2002. Even if the Plaintiff's motion were granted, the Amended Complaint would be dismissed for the reasons discussed herein.

2

## Count I – Breach of Contract

Defendant argues that reading the "contract" as the Plaintiff did is unreasonable and leads to absurd results. Taking Plaintiff's allegations as true: The State made an offer of six *chances* to win. The Plaintiff accepted the offer. A contract was formed. The terms of the "contract" are on the face of the ticket, are detailed on its back, and are in the incorporated rules and regulations of the Maine State Lottery. Interpretation of an unambiguous contract is a question of law for the court. Am. Prot. Ins. Co. v. Acadia Ins. Co., 2003 ME 6, ¶ 11, 814 A.2d 989 (holding also that whether a contract is ambiguous is a question of law). By the terms of the "contract" on the face of the ticket, Plaintiff's ticket was "non-winning." The "five card" that was revealed from under the wild card scratch surface did not match any of the cards in any of the six hands to make a winning pair. Therefore, the Plaintiff purchased a non-winning ticket and the State has fully performed under the "contact."

Reading the terms of the "contract' as the Plaintiff does produce the absurd and unintended result of every ticket being a winning-ticket. "[A]n interpretation which gives a reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect." Restatement (Second) of Contracts § 203(a) (1981); Nassau Chapter, Civil Service v. Nassau County, 430 N.Y.S.2d 98, 100, *aff'd* 445 N.Y.S.2d 152 (1982) (stating that a contract construction which produces an unreasonable result should be avoided and, if possible, a more reasonable construction should be sought). In addition to being absurd and unintended, Plaintiff's interpretation of the rules of play defy common sense. For example, assume that in a game of five-card stud poker the players determine a wild card by cutting the deck. The cut of the deck reveals a five. If any player has a five *in his or her hand*, then it may be used as a wild card and assigned any value that he

3

or she desires. The players do not have the opportunity to use the five that was cut from the deck in their respective hands as a wild card. The five card that was cut from the deck *merely identifies* the denomination of the wild card for the particular game. For the above reasons, Count I is dismissed.

Count II – Fraud

The State contends Plaintiff failed to properly file a notice of claim because he failed to file a notice of claim with the appropriate agency and the Attorney General. Section 8107 of the Maine Tort Claims Act (MTCA) prescribes the form and the procedure for filing a notice of claim. 14 M.R.S.A. § 8107(1), (3), (4) (2003). The "substantial compliance" exception, 14 M.R.S.A. § 8107(4), does not excuse an untimely notice, but rather is invoked properly only to excuse defects or inaccuracies in the form of a timely notice. Hall v. Town of Kittery, 556 A.2d 662, 663 (Me. 1989); see also Tobin v. University of Maine System, 59 F.Supp.2d 87, 94 n. 9 (D.Me.1999)(stating that substantial compliance exception applies only where the notice of claim is defective in some manner other than timeliness). The MTCA requires the copies of the notice to be filed with "the state department, board, agency, commission or authority whose act or omission is said to have caused the injury *and the Attorney General*. 14 M.R.S.A. § 8107 (3)(emphasis added). See also M.R.Civ.P. 4(d)(12) (requiring, in actions against a state officer or agency, service to be made on the officer or agency *and a copy to be sent to the Attorney General*).

The Plaintiff filed a notice of claim, dated July 3, 2002, with the Maine State Lottery, which was well within the 180-day requirement. However, Plaintiff did not serve notice on the Attorney General, as required by the MTCA. The Law Court has held:

> The applicable section required plaintiff to file notice with the authority whose act caused the injury and with the Attorney General. 14 M.R.S.A. § 8107 (3). Plaintiff acknowledges that notice was not given to the Attorney General until after the 180-day notification period expired. The court did not err in finding that plaintiff did not substantially comply with the notice requirement when no notice was given to the Attorney General . . . .

Kelley v. University of Maine, 623 A.2d 169 (Me. 1993). Under the present facts, Plaintiff similarly failed to timely notify the Attorney General of the claim. Porter v. Philbrick-Gates, 2000 ME 35, ¶ 4, 745 a.2d 996 (holding Plaintiff's failure to comply with the notice requirements of the MTCA bars suit). Notwithstanding Plaintiff's arguments, substantial compliance does not apply when addressing the timely filing of a notice, Hall v. Town of Kittery, 556 A.2d at 663, and the State need not show prejudice, unless the errors amount to mere inaccuracies within the notice. Pepperman v. Barrett, 661 A.2d 1124, 1127 (Me. 1995).

In the alternative, if notice is effective, the doctrine of sovereign immunity bars Count II because the activities of the Maine State Lottery do not fall within one of the exceptions to immunity. 14 M.R.S.A. § 8104-A (2003). Immunity is an affirmative defense. M.R.Civ.P. 8(c). "A motion to dismiss under M.R. Civ. P. 12(b)(6) may be granted based on an affirmative defense if the facts establishing the defense appear on the face of the complaint." Sargent v. Sargent, 622 A.2d 721, 722-23 (Me. 1993); See also Shaw v. Southern Aroostook Community Sch. Dist., 683 A.2d 502, 504 (Me.1996) (holding that "an affirmative defense may be raised by a motion to dismiss if facts giving rise to the defense appear on the face of the complaint").

The Complaint in the instant case describes the Defendant, albeit erroneously, as "an agency of the State of Maine." Compl. ¶ 2. That allegation gives rise to the defense of sovereign immunity. The State, in its motion to dismiss, supports its claim of immunity with evidence demonstrating a lack of insurance for any claim for which

immunity would exist. 14 M.R.S.A. § 8116 (2003)(stating that immunity is waived up to the limit of any insurance procured). For the above reasons, Count II is dismissed. Thompson v. Dep't of Inland Fisheries & Wildlife, 2002 ME 78, ¶ 9, 796 A.2d 674 (dismissing claims not within the exceptions to immunity).

The entry is

Plaintiff's Motion to Amend is DENIED;
Defendants' Motion to Dismiss is GRANTED.


Dated at Portland, Maine this 12th day of June, 2003.

Robert E. Crowley
Justice, Superior Court

6

LARRY MOODY  - PLAINTIFF


Attorney for: LARRY MOODY
DANIEL LILLEY
DANIEL G LILLEY LAW OFFICE
39 PORTLAND PIER
PO BOX 4803
PORTLAND ME 04112



vs
THE MAINE STATE LOTTERY - *DEFENDANT*

Attorney for: THE MAINE STATE LOTTERY
MICHELLE M ROBERT
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006


Filing Document: COMPLAINT

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2002-00540


**DOCKET RECORD**