STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
CUMBERLAND, ss
CLERK'S OFFICE

SUPERIOR COURT
Civil Action

'.J JUN 26 P 3: 44

RICHARD THUOTTE,

        Plaintiff

    v.

PETER PERRY,

        Defendant

**DOCKET NO. CV-07-422**

---

TERRY LEE HUNTLEY,

        Plaintiff

    v.

PETER PERRY,

        Defendant

DOCKET NO. CV-07-423
(consolidated into CV-07-422)

---

RICHARD THUOTTE,

        Plaintiff

    v.

MAINE TURNPIKE AUTHORITY,

        Defendant

DOCKET NO. CV-07-541
(consolidated into CV-07-422)

---

TERRY LEE HUNTLEY,

        Plaintiff

    v.

MAINE TURNPIKE AUTHORITY,

        Defendant

DOCKET NO. CV-07-542
(consolidated into CV-07-422)

---

**DECISION AND ORDERS ON MOTIONS TO DISMISS
AND FOR SUMMARY JUDGMENT**

# I. NATURE OF CASES

These four consolidated cases arise out of a single motor vehicle accident on the Maine Turnpike in Gray on September 23, 2005. Richard Thuotte was a passenger in a vehicle driven by Terry Lee Huntley. Both men allege that they were seriously injured when a Maine Turnpike Authority (MTA) truck driven by Peter Perry, a MTA employee, collided with their vehicle.[1] They allege that Perry's negligent operation of the truck was the cause of their injuries.

# II. BEFORE THE COURT

These matters come before the court on defendant Peter Perry's (Perry) motions for summary judgment and the MTA's motions for dismissal and/or summary judgment.

Plaintiffs Thuotte and Huntley also filed motions for default against MTA.

# III. BACKGROUND AND PROCEDURAL HISTORY

These cases arise from the same motor vehicle accident that is alleged to have occurred on September 23, 2005 on the Maine Turnpike. Huntley and Thuotte (plaintiffs), claim that Perry, who was operating a vehicle owned by the Maine Turnpike Authority (MTA), was negligent.

On November 30, 2005, the plaintiffs sent letters to both Perry and MTA asking each of them to have their insurance company or lawyer contact the plaintiffs.[2] On July 9, 2007, the plaintiffs each served Perry with copies of a summons and a complaint alleging negligence, the originals of which were filed with the court on July 25, 2007. Perry filed answers on July 18, 2007, in which he raised, inter *alia*, the affirmative

---

[1] A third defendant, Mark Cloutier, has been added, but he is not a party to the present motions.

[2] Letters were also sent to Mark Cloutier and Ryder Truck Rental, Inc., owner of the truck driven by Cloutier.

defense of the plaintiffs' failure to comply with the notice provisions of the Maine Tort Claims Act (MTCA).

On September 18, 2007 the plaintiffs served MTA with a summons and complaint. The complaints against MTA were filed on October 2, 2007 and the MTA answers and affirmative defenses were filed on October 12, 2007, 4 days after the required time to answer. M.R.Civ.P. 12(a). In the interim, on October 10, 2007, the plaintiffs filed a motion for default against MTA to which MTA filed a motion to set aside the default.[3]

The plaintiffs also filed motions to strike the defendants' affirmative defense in each case that the plaintiffs had failed to comply with the Maine Tort Claims Act (MTCA) and motions to enlarge time for serving MTCA statutory notices of claim.[4]

## IV. DISCUSSION

### A. Application of MTCA to MTA and Employees

Section 8107 of the MTCA requires a claimant to file a notice of claim within 180 days after a claim arises unless the claimant can show "good cause why notice could not have reasonably been filed within the 180-day limit." 14 M.R.S. § 8107(1) (2007). The plaintiffs first argue that the notice requirement of the MTCA does not apply to individual employees. They initially note that the MTCA grants immunity to governmental entities, and conclude that there is no "blanket immunity" afforded to State employees because they are not included in the definition of governmental entity.[5]

---

[3]. The clerk, however, had not yet made an entry of default. M.R.Civ.P. 55(a).

[4] The court has previously denied these motions on the basis that the defendants are entitled to assert their affirmative defenses and the MTCA does not allow for a judicial extension of the time limit to file a notice of claim after the expiration of the deadlines,; however, the MTCA does allow for a late filing if the claimant can show good cause. 14 M.R.S. § 8107(1) (2007).

[5] "Governmental entity" is defined as "the State and all political subdivisions." Id. at § 8102(2).

Even though the complaints against MTA state that Perry was an employee of MTA at the time of the accident, they claim that they are suing Perry in his personal capacity and not as an employee performing a governmental function, they did not have to provide notice pursuant to section 8107 of the MTCA. They assert that an action against an individual government employee for personal negligence, or breach of a common law duty that is owed to everyone, is not a "cause of action permitted by [the Act]" that would trigger the requirements of section 8107. MTA admits that Perry was an employee and states that "he was acting in the course and scope of his employment" at the time of the accident. MTA, SMF 2. The plaintiff did not properly controvert this fact and it is deemed admitted.

There are multiple problems with the analysis of the MTCA presented by the plaintiffs. First, although they are correct that the word "employee" is not explicitly mentioned in the definitions of "Governmental entity," "State,"[6] or "Political subdivision,"[7] it is nonsensical to suggest that the MTCA does not therefore apply to government employees. A governmental entity necessarily acts through its employees. Indeed, the very first exception to a governmental entity's immunity that is listed in section 8104-A involves "negligent acts or omissions in [the] ownership, maintenance or use of any . . . [m]otor vehicle."[8]  14 M.R.S. § 8104-A(1)(A) (2007). It is difficult to

---

[6] *Id.* at § 8102(4).

[7] *Id.* at § 8102(3).

[8] Although the Maine Turnpike Authority is liable under section 8104-A for the negligent use of a motor vehicle, the plaintiffs have not listed the MTA as a defendant on the complaint, and they insist that they are suing Perry as an individual only. Perry therefore claims that his personal liability is limited to $10,000 under § 8104-D. Because the issue of damages is not presently before the court, I have not addressed it. However, the plaintiffs have filed separate lawsuits against MTA (CV-07-541 and CV-07-542), so the court may want to consider joining all of the cases, as all four cases stem from the same incident and there are "question[s] of law or fact common to all defendants." M.R. Civ. P. 20.

understand how a governmental entity can "maintain" or "use" a motor vehicle without the participation of its employees.

Moreover, the fact that Perry was driving a vehicle owned by the MTA when the accident occurred strongly suggests that he was operating as a government employee at that time, and the plaintiffs have not submitted any evidence that would suggest otherwise. Indeed, Perry states in an affidavit submitted with his motions that he was "operating the truck in the course and scope of [his] employment with the Maine Turnpike Authority." The accident did not occur while Perry was driving his personal vehicle on his own time, but while he was driving a vehicle owned by the government during his work hours. Thus, contrary to the plaintiffs' claim that they are suing Perry for personal negligence only, they are in fact suing him for his alleged negligence while he was operating an MTA truck as a government employee.

Finally, this action is *exactly* the type that is "permitted by" the MTCA for purposes of section 8107. Section 8102 provides definitions for various terms used in the MTCA, and the phrase "[p]ermitted by this chapter" is included. Subsection 2-A reads as follows:

> **Permitted by this chapter or permitted under this chapter.** "Permitted by this chapter" or permitted under this chapter," as applied to claims against a governmental entity *or its employees*, shall be construed to include all claims or actions expressly authorized by this Act against a governmental entity and *all common law claims or actions against employees* for which immunity is not expressly provided by this Act. (emphasis added).

Clearly, this language alone would suggest that the MTCA applies to government employees, at least in some situations. Even the actual section dealing with the requirements of providing proper notice of a claim references employees. *Id.* at § 8107(3)(A). Subsection 3(A) states "[i]f the claim is against the State *or an employee thereof,* copies of the notice shall be addressed to and filed with the state department,

5

board, agency, commission or authority whose act or omission is said to have caused the injury and the Attorney General." (emphasis added). Here, where Perry was driving a motor vehicle owned by a governmental entity during the course of his employment, a suit alleging that he was negligent in the operation of that vehicle is, without question, subject to the notice provision of the MTCA.

**B. Notice of Claim / Compliance**

Section 8107 requires a claimant to "substantially compl[y] with" the notice provisions of the MTCA. *Id.* at § 8107(4). The plaintiffs contend that the November 2005 letters that they sent to Perry and the MTA were enough to satisfy section 8107. However, before the court addresses whether the letters contained all of the necessary elements of subsection 1, it is undisputed that the plaintiffs did not send a copy of the notice of claim to the Attorney General as required by subsection 3-A.[9] Failure to send a copy of the notice to the proper official is not fatal in and of itself if the notice otherwise complies with the statute. *Pepperman v. Barrett,* 661 A.2d 1124, 1126 n. 2 (Me. 1995). However, the letters sent by the plaintiffs to Perry and the MTA are lacking in other respects. Section 8107(1) specifies that the notice must contain:

> A. The name and address of the claimant, and the name and address of the claimant's attorney or other representative, if any;
>
> B. A concise statement of the basis of the claim, including the date, time, place and circumstances of the act, omission or occurrence complained of;
>
> C. The name and address of any governmental employee involved, if known;

---

[9] The plaintiffs assert that they believe the Attorney General had actual notice of the their claims because the Maine State Police had knowledge of the accident and because they communicated with the insurance company for the MTA. They have requested additional discovery to determine the actual knowledge of the Attorney General. Even if they were able to prove that the Attorney General had actual knowledge of the accident, they cannot show that they complied with the requirements of section 8107.

D. A concise statement of the nature and extent of the injury claimed to have been suffered; and,

E. A statement of the amount of monetary damages claimed.

The letters sent by the plaintiffs in this case do not include their addresses, nor do they contain any information at all about the nature and extent of their injuries, other than to claim that they were serious. They do not include Perry's address, and more importantly, they do not include a statement of the amount of monetary damages claimed, other than an assertion that a $100,000 - $300,000 insurance policy might not be sufficient. Because the plaintiffs failed to include in their letters all of the statutorily required information and did not send a copy of the notice to the Attorney General, they did not "substantially compl[y] with" the notice requirements of the MTCA. *Id.* at § 8107(4); *see also Kelly v. University of Maine*, 623 A.2d 169, 172 (Me. 1993) ("plaintiff did not substantially comply with the notice requirement when no notice was given to the Attorney General and only a routine police report and a letter of representation were provided to the University. ").

## C. Late Filing /Good Cause

Section 8107 allows a claimant to file a notice of claim outside of the 180-day deadline if "good cause" exists to do so.[10] Good cause is defined in the statute, and "includes . . . any cases in which . . . any tort liability insurer of the governmental entity makes direct oral or written contacts with the claimant or the claimant's personal representative or attorney . . . that contain or imply a promise of coverage sufficient to cause a reasonable person to believe that the losses for which no timely notice claim is filed would be covered." *Id.* at § 8107(5). The plaintiffs argue that even if the letters

---

[10] The claimant must still file the notice of claim within two years after the cause of action accrues. 14 M.R.S. §§ 8107(1), 8110.

were not sufficient to satisfy section 8107, they had good cause for missing the 180-day deadline because preliminary discussions with the MTA's liability insurer within the time to provide notice led them to believe that their injuries would be covered.

While almost every statement of material fact submitted by the plaintiffs is actually a conclusion of law, they have raised a genuine issue of material fact regarding good cause. The statement of fact that raises the issue is also somewhat conclusory, but asserts that "the insurance company for the Maine Turnpike Authority and for defendant Perry caused the plaintiff and plaintiffs' counsel to believe there was coverage for the plaintiffs' claims." PSAMF ¶ 5. The statement cites to an affidavit provided by the plaintiffs' attorney, Daniel Warren (Warren), in which he asserts that he was in contact after the accident with Becky Laughlin (Laughlin), a claims adjuster with Acadia Insurance, who "made clear that Acadia provided coverage for the Plaintiffs' claims."[11] Aff. Daniel Warren ¶ 4 (Oct. 30, 2007).

Under M.R. Civ. P. 56(h), any statement that is not properly controverted is admitted. In his reply, Perry fails to properly controvert the plaintiffs' factual assertion concerning the assurances of insurance coverage that Warren received from Laughlin. Perry instead focuses on the fact that Warren's affidavit includes information about how he had initially come to the conclusion that notice was not required for claims against government employees. Perry cites to an affidavit provided by his attorney, Thomas Marjerison (Marjerison), in which Marjerison merely concludes that good cause did not exist for a late filing of a notice of claim and refers to Perry's motions and replies for the reasons it did not. Perry's pleadings do not challenge in any way the claim made by the plaintiffs that Laughlin assured them of coverage. Instead, Perry

---

[11] The plaintiffs have also provided copies of letters sent by Warren to Laughlin, and one letter sent from Laughlin to him to support their claim that Warren was in contact with her about insurance coverage.

8

contends that the arguments presented by the plaintiffs are mutually exclusive. In essence, he asserts that it is impossible for the plaintiffs to claim that their attorney concluded that the notice requirements of the MTCA were inapplicable to this case while at the same time arguing that good cause existed for a late filing of notice. While it may be somewhat intellectually dishonest to present both arguments, the fact remains that the plaintiffs have presented uncontroverted evidence that the MTA's liability insurer assured them that their injuries would be covered by insurance. Thus, the court finds that good cause exists.

**D. Notice of Claim / Substantial Compliance**

Because good cause exists for the late filing, the only remaining questions are whether the subsequent notices filed by the plaintiffs complied with the requirements of section 8107, and whether the MTA and the Attorney General received those notices within the two-year statute of limitations. *See* § 8110. Perry and MTA state in their reply memoranda that the notice was filed over two years after the accident, but the combined record reflects that all of the interested parties were served on or before September 18, 2007.[12] All Notices of Claim were served within the two-year statute of limitations that would have expired on September 22, 2005.

As for whether the later notices contained all of the information required under section 8107, it should be noted that Perry has not raised any challenge to their contents. However, they do include all of the necessary information, except perhaps a definitive statement regarding the amount of damages claimed. The plaintiffs instead state only

---

[12] The record shows that a Notice of Claim for Richard Thuotte was served in hand on Linda Pisner, Chief Deputy Attorney General on August 23, 2007 and the Notice of Claim for Terry Lee Huntley was served in hand on DeputyAttorney General Paul Stern Perry on September 4, 2007. Also, a Notice of Claim was served separately upon Peter Perry (on August 27, 2007 for Thuotte's claims, and on September 4, 2007 for Huntley's claims) and upon the Maine Turnpike Authority (on September 4, 2007 for Thuotte's claims and on September 18, 2007 for Huntley's claims).

that information about their injuries "is still unclear and evolving," and that the damages "could exceed $300,000." However, this information is minimally sufficient to satisfy, or at least substantially complies with, the requirements of section 8107.

## E. Plaintiffs' Motions to Default

Other than the fact that plaintiffs will have to prove their claims of liability, a task that they faced initially when they filed these actions, there is no prejudice to plaintiffs because MTA's answers were four days late. It is well established that courts prefer that cases be adjudicated on the merits.

## V. DECISION AND ORDER

The clerk will make the following entries as the Decision and Order of the court:

### A. Thuotte's Claims

1. Defendant Peter Perry's Motion for Summary Judgment is denied.

2. Defendant Maine Turnpike Authority's Motion for Summary Judgment is denied.

3. Defendant Maine Turnpike Authority's Motion to Dismiss is denied.

### B. Huntley's Claims

1. Defendant Peter Perry's Motion for Summary Judgment is denied.

2. Defendant Maine Turnpike Authority's Motion for Summary Judgment is denied.

3. Defendant Maine Turnpike Authority's Motion to Dismiss is denied.

### C. Motions for Default versus Maine Turnpike Authority

- Plaintiffs' motions for default against Maine Turnpike Authority are denied.

SO ORDERED.

Dated: June 26, 2008

Thomas E. Delahanty II
Justice, Superior Court

EDWARD MACCOLL ESQ
PO BOX 447
PORTLAND ME 04112

Huntley
&
Shoukal

3OX 28/
ine 04112-0287

DANIEL WARREN ESQ
243 US ROUTE ONE
SCARBOROUGH ME 04074

Huntley
and
Shoukal

FREDERICK MOORE ESQ
511 CONGRESS STREET SUITE 401
PORTLAND ME 04101

Cloutier

erland County
. Box 287
Maine 04112-0287

THOMAS MARJERISON ESQ
PO BOX 4600
PORTLAND ME 04112

my Yurnpike Ruth
&