MAINE SUPREME JUDICIAL COURT                              Reporter of Decisions
Decision:      2016 ME 56
Docket:        Yor-15-219
Argued:        February 9, 2016
Decided:       April 14, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and
               HUMPHREY, JJ.

JOHN E. DESCHENES

v.

CITY OF SANFORD

HUMPHREY, J.

[¶1]  In this case, we hold that a person cannot substantially comply with the notice requirement of the Maine Tort Claims Act, 14 M.R.S. §§ 8101-8118 (2015), without filing some type of *written* notice within 180 days after a claim accrues against a governmental entity.

[¶2]  John Deschenes appeals from the entry of a summary judgment by the Superior Court (York County, *Fritzsche, J.*) in favor of the City of Sanford in his suit for personal injuries resulting from his fall down stairs at City Hall.[1] Deschenes contends that the court erroneously concluded that he failed to substantially comply with the notice requirement of the Maine Tort Claims Act,

---

[1]  Subsequent to the events involved in the suit, the Town of Sanford was reincorporated as the City of Sanford.  The change does not affect our disposition of this appeal.  For clarity, we refer to the municipality as "the City" in this opinion.

2

14 M.R.S. § 8107 (2015). Because we now conclude that a person cannot substantially comply with the Act if he provides only *oral notice* of his claim, the court did not err in entering a summary judgment for the City, and we affirm.

I. BACKGROUND

[¶3] The following facts, viewed in the light most favorable to Deschenes, are drawn from the statements of material facts and, except where otherwise indicated, are undisputed. *See Budge v. Town of Millinocket*, 2012 ME 122, ¶ 12, 55 A.3d 484; *N.E. Ins. Co. v. Young*, 2011 ME 89, ¶ 5, 26 A.3d 794. On February 17, 2012, Deschenes visited Sanford City Hall with his daughter to obtain a copy of her birth certificate. As he descended a stairway leading to the City Clerk's office, he tripped and fell forward down several steps, landed on the concrete floor at the base of the stairs, and slid into the glass doors of the office. When City employees, including the Clerk, responded to the sound of the fall, Deschenes informed them that he had fallen down the stairs. The employees assisted Deschenes into the Clerk's office and rendered initial first aid. In response to a 9-1-1 call from the Clerk's office, a Sanford police officer arrived and called for emergency medical assistance.

[¶4] Deschenes asserts that, around this time, someone in the Clerk's office asked him to sign an insurance form; although the City disputes that this occurred, it is undisputed that Deschenes understood that any form he filled out "did not

express any intention on his part to make a claim against anybody, but merely provided information regarding his insurance that [Sanford] needed to bill his insurer for his transport by the Rescue ambulance."

[¶5] As Deschenes was leaving to go to the emergency room for further evaluation, the Clerk overheard him tell an EMT that he had fallen down the stairs because his foot had caught on an uneven stair tread. The Clerk then inspected the stairs and called the City's Director of Facilities/Deputy Director of Emergency Management, who also inspected them. The Clerk also emailed the Finance Director and Finance Assistant to inform them that Deschenes had fallen, had suffered some abrasions, and had been transported to the hospital for evaluation.

[¶6] On August 13, 2012, 178 days after his fall, Deschenes appeared at City Hall sometime around 5:00 p.m. when the building's doors were closed and locked. He was let in and spoke to an employee in the Clerk's office, who was advised by the City's Finance Assistant to direct Deschenes to the finance office. Deschenes then met with the Finance Assistant and the Finance Director: he told them that he knew he only had 180 days to make a claim against the City and handed them a hospital emergency room note from the day of his fall as well as a summary sheet of payments that had been made by the VA for his medical

4

treatment.[2]  Deschenes's visit to City Hall on August 13 was his first contact with the City since the day of his fall.

[¶7]  On September 1, 2012, 197 days after his accident, Deschenes's attorney sent a letter to the City Manager providing written notice of a claim against the City based on his fall.  Deschenes then filed a complaint with the Superior Court on January 28, 2014.

[¶8]  After several months of discovery, the City moved for a summary judgment, pursuant to M.R. Civ. P. 56(b), and submitted a supporting statement of material facts, *see* M.R. Civ. P. 56(h)(1), asserting, inter alia, that it was entitled to a summary judgment because Deschenes's written notice dated September 1, 2012, was sent after the Maine Tort Claims Act's 180-day deadline for submitting a written notice of claim against a governmental entity.  *See* 14 M.R.S. § 8107(1).  In response, Deschenes argued that the City was not entitled to a summary judgment because (1) there is a genuine issue of material fact regarding his compliance with the Act's notice provisions; and (2) "notice[] received by [the City] prior to the

---

[2]  Although Deschenes suggested in his deposition that he told the unidentified employee that his "claim is still ongoing," he conceded that when asked directly by the Finance Director whether he was going to sue the City, he replied that he was not and that he was simply telling them he was still being treated for his injuries resulting from the fall.

expiration of the 180-day 'deadline' served as substantial compliance with the purposes of the [Act]."[3]

[¶9] On April 8, 2015, the Superior Court entered a summary judgment for the City, concluding that Deschenes had failed to provide a timely *written* notice of his claim. The court stated that defects in a written notice can be excused if there is "substantial compliance" with the Act's notice provisions but concluded that "[s]ince a timely written notice was not provided there can be no substantial compliance." Deschenes timely appeals to us.

## II. DISCUSSION

[¶10] Deschenes contends that the court erred by finding that he was not in substantial compliance with the notice requirement of the Maine Tort Claims Act because he did not file a written notice of claim within 180 days of his fall.[4] He argues (1) that the substantial compliance exception to the Act's 180-day deadline is not limited to situations in which a written notice is filed within the 180-day period but is defective in some way, and (2) that he substantially complied with the statute because the City was aware of his accident and was not prejudiced by his

---

[3] Deschenes submitted an opposing statement of material facts and a statement of additional facts, *see* M.R. Civ. P. 56(h)(2), and the City submitted a reply statement of material facts, *see* M.R. Civ. P. 56(h)(3). The parties do not substantively dispute the historical facts concerning Deschenes's contacts with the City after his fall.

[4] The adequacy of the September 1, 2012, notice of claim is not at issue because it was filed after the 180-day statutory deadline, and the trial court based its judgment solely on the fact that "written notice was filed too late."

6

failure to file a written notice before the 180-day deadline. We review the entry of a summary judgment de novo. *Remmel v. City of Portland*, 2014 ME 114, ¶ 11, 102 A.3d 1168.

[¶11] The Maine Tort Claims Act requires that a claimant against a governmental entity "file a written notice" of the claim within 180 days after the claim accrues. 14 M.R.S. § 8107(1); *see Faucher v. City of Auburn*, 465 A.2d 1120, 1123 (Me. 1983) ("The MTCA specifically requires that notice to the governmental entity shall be a written notice."). This written notice must contain the contact information of the claimant and the claimant's attorney; a concise statement of the basis of the claim, including the date, time, place, and circumstances of the occurrence complained of; the name and address of any governmental employee involved, if known; a concise statement of the nature and extent of the injury suffered; and a statement of the amount of monetary damages the claimant seeks. 14 M.R.S. § 8107(1)(A)-(E). A notice of claim against a political subdivision must be "*filed* with one of the persons upon whom a summons and complaint must be served under the Maine Rules of Civil Procedure, Rule 4," *id.* § 8107(3)(B) (emphasis added); in this case, Deschenes would have had to file the notice with "the clerk or one of the selectmen or assessors,"[5] *see* M.R.

---

[5] As stated in note 1, for clarity we refer to Sanford in this opinion as a "City," which is its current status. However, it was in fact a town at the time of the events giving rise to this case, and, pursuant to M.R. Civ. P. 4(d)(5) service shall be made "[u]pon a town, by delivering a copy of the summons and of

Civ. P. 4(d)(5). This filing requirement ensures "that the notice will be received by an official having authority to deal with [a] plaintiff's claim or that the official receiving the notice is one charged with the duty of transmitting the notice to the proper officials." *Faucher*, 465 A.2d at 1123.

[¶12] The Act also provides,

> **Substantial notice compliance required.** No claim or action shall be commenced against a governmental entity . . . unless the foregoing notice provisions are substantially complied with. A claim filed under this section shall not be held invalid or insufficient by reason of an inaccuracy in stating the time, place, nature or cause of the claim, or otherwise, unless it is shown that the governmental entity was in fact prejudiced thereby.

14 M.R.S. § 8107(4). Thus, "failure to comply with the notice provision bars the claim," *Cushman v. Tilton*, 652 A.2d 650, 651 (Me. 1995), unless (1) the errors in a plaintiff's notice constitute mere inaccuracies, and (2) the governmental entity is unable to show prejudice. *Faucher*, 465 A.2d at 1123.

[¶13] We have held "that the substantial compliance exception is applicable only when the 180-day requirement of § 8107(1) is satisfied." *Erickson v. State*, 444 A.2d 345, 349 (Me. 1982). That is, the exception "is properly invoked only when the notice, although timely filed or excused from timely filing because of good cause, is defective in some other respect such as the failure to satisfy the form

---

the complaint to the clerk or one of the selectmen or assessors." The Rule is different for a city and requires that such service be made upon "the clerk, treasurer, or manager." M.R. Civ. P. 4(d)(6).

8

requirements of § 8107(1)(A)-(E)."[6]  *Id.* at 350.  However, we have never definitively determined whether a failure to submit any written notice at all within 180 days of the claim accruing, in and of itself, bars a party from claiming substantial compliance.

[¶14]  In *Erickson*, the plaintiff asserted, inter alia, that he had substantially complied with the Act's notice requirement by orally informing his supervisor at Crescent Beach State Park of his on-the-job accident within 180 days after it occurred.  *Id.* at 346-47.  However, we did not determine whether a person can substantially comply by only giving timely *oral* notice because Erickson failed to preserve that issue for our appellate review.  *Id.* at 350.

[¶15]  In *Faucher*, we were again presented with the argument that an oral notice of claim within the 180-day period could constitute substantial compliance. *Faucher*, 465 A.2d at 1122-23.  We noted that

> [t]he trial court found that "an oral notice is more than a defect in form and does not constitute substantial compliance within the meaning of the statute."  The court reasoned that "[I]n order to properly investigate and evaluate [claims] for purposes of defense or settlement in an organized fashion, something more than oral statements, which are susceptible of distortion when passed on by the original recipient of the oral report to those in authority to act upon them, is required."  The issue of the acceptability of oral notice was pointed out but not decided in *Erickson* . . . .

---

[6]  Although the Act provides that a failure to timely file written notice can be excused for "good cause," 14 M.R.S. § 8107(1) (2015), Deschenes concedes that the "good cause" exception does not apply to this case.

*Id.* at 1123. We stated that we found the reasoning of the trial court on this issue persuasive but concluded that "we need not, on the facts of this case, decide whether an oral notice is, per se, a fatal failure to comply with the requirements of section 8107" because the alleged notice provided by the plaintiff suffered from multiple deficiencies beyond being oral. *Id.* The question of whether a party can demonstrate substantial compliance with the Act's notice requirement if only timely *oral* notice was given thus remains unresolved.

[¶16] As was the case in *Faucher*, the notice that Deschenes provided to the City was deficient in a number of ways: it was oral but also suffered from other shortcomings. *See infra* n.7. We now hold, however, that for the reasons we expressed in *Faucher*, oral notice can never constitute substantial compliance with the Act, even if the contents of the oral notice otherwise meet the requirements of section 8107. This holding is consistent with the Act's plain language. *See generally Searle v. Town of Bucksport*, 2010 ME 89, ¶ 8, 3 A.3d 390. It is also consistent with the Act's purpose to codify governmental immunity in law and to provide for only limited exceptions to that immunity. *See Rivard v. City of Lewiston*, 516 A.2d 555, 555 (Me. 1986) ("The [Act] reinstated the general shield of governmental immunity [after common law governmental immunity was abrogated in *Davies v. City of Bath*, 364 A.2d 1269, 1273 (Me. 1976)] subject to

limited exceptions."); *see also Peters v. City of Westbrook*, 2001 ME 179, ¶ 6, 787 A.2d 141 (stating that the Act is only a "limited relaxation of common-law sovereign immunity" (quotation marks omitted)); *Darling v. Augusta Mental Health Inst.*, 535 A.2d 421, 424 (Me. 1987) (noting that, in general, "[c]ourts strictly construe any exception to governmental tort claims immunity").

[¶17]  Because a person cannot substantially comply with the Maine Tort Claims Act's notice requirement by providing only oral notice of a claim, and because "failure to comply with the notice provision bars the claim," *Cushman*, 652 A.2d at 651, the court did not err in granting a summary judgment for the City for the reason that Deschenes had failed to provide timely written notice of his claim, and we affirm.[7]

The entry is:

Judgment affirmed.

---

[7]  Deschenes gains nothing even if his oral communications with the City on February 17 and August 13, 2012, were considered to be effective as a substitute for written notice because, whether viewed separately or in total, those communications do not otherwise substantially comply with the Act's notice requirement.  The undisputed facts, viewed in the light most favorable to Deschenes, demonstrate that these oral communications were deficient.  For example, Deschenes did not communicate his claim to the proper officials who were designated to receive service on behalf of the City.  *See Pepperman v. Barrett*, 661 A.2d 1124, 1126 (Me. 1995); *Kelly v. Univ. of Me.*, 623 A.2d 169, 172 (Me. 1993); *Faucher v. City of Auburn*, 465 A.2d 1120, 1123 (Me. 1983).  Rather, although Deschenes spoke to the Clerk, who is designated to receive service on behalf of a city or town, *see* M.R. Civ. P. 4(d)(5)-(6), on the day of his fall, he simply talked with her about the accident, not about any potential claim.  Later, on August 13, he only discussed the possibility of a claim against the City in any depth with the Finance Director and the Finance Assistant, and, as noted above, *see supra* n.2, he specifically told them that he was not going to sue.  While he did give them a hospital note and a summary of treatment from the VA, he did not provide a concise statement of his injuries that would alert them to the amount of monetary damages sought.  *See Kelly*, 623 A.2d at 172 (finding no substantial compliance despite the fact that the University had a copy of the accident report for the incident upon which the claim was based).

**On the briefs and at oral argument:**

John F. Zink, Esq., Freeport, for appellant John E. Deschenes

Michael L. Buescher, Esq., Drummond Woodsum, Portland, for appellee City of Sanford

York County Superior Court docket number CV-2014-19
FOR CLERK REFERENCE ONLY