STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, SS.                           CIVIL ACTION
                                        DOCKET NO. CV-20-71


MMG INSURANCE CO., subrogee of
Dennis and Norma Trahan,

                    Plaintiff,

                                        **DECISION AND ORDER**

v.


STATE OF MAINE, DEPARTMENT OF
TRANSPORTATION,

                    Defendant.


## INTRODUCTION

The matter before the court is Defendant Maine Department of Transportation (MDOT)'s motion for summary judgment. MDOT asserts that it is entitled to summary judgment because Plaintiff MMG Insurance Co. (MMG) failed to provide proper notice of its tort claim under the Maine Tort Claims Act (MTCA).

## FACTUAL & PROCEDURAL BACKGROUND

There does not appear to be a genuine issue of material fact about the following.

On February 19, 2019, a collision occurred between an MDOT grader and a vehicle insured by MMG. Around February 27, 2019, MMG sent a letter to the grader's driver, Mr. McDonald, claiming he was responsible for damages caused by the accident. Ex. A.[1] Mr. McDonald forwarded the letter to MDOT's legal services

---

[1] This letter purported to "include[e] a copy of the police report" regarding the incident, but that police report was not attached to Exhibit A, and the police report does not otherwise appear in the summary judgment record. *See FIA Card Services N.A. v. Saintonge*, 2013 ME 65, ¶ 3 & n.2, 70 A.3d 1224 (disregarding evidence that was not incorporated into the summary judgment record); M.R. Civ. P. 56(c), (e), (h)(2).

division in early March 2019. MDOT's Manager of Transportation Investigations subsequently responded to MMG with a letter, which explained that MDOT had investigated the incident and had determined that MMG's insured "failed to keep a proper lookout when entering a roadway and [wa]s therefore the proximate cause of th[e] accident." Ex. B.

Around April 16, 2019, MDOT received a letter from Latitude Subrogation Services on behalf of MMG. Ex. C. MMG characterizers this letter as its notice of claim. Pl.'s Opp'n to Summ. J. at 3-6. The April 16, 2019 notice demanded payment of $7,174.62 from MDOT and stated "POLICE REPORT FOUND YOUR DRIVER 100% LIABLE WITH OUR VEHICLE STOPPED WHEN STRUCK." Ex. C. The notice also attached photographs and documentation showing the alleged damage to the vehicle. Ex. C. Additionally, the notice stated the date of the collision, name of the insureds, and the name of MDOT's driver, but it did not reference the location of the collision. Ex. C.

Meanwhile, a notice of tort claim was not filed with the Office of Attorney General within 180 days of the collision. Nor is there any indication that MDOT notified the Attorney General of the claim.

On May 26, 2020, MMG filed a complaint in this court alleging that MDOT is liable for the damages caused by the collision. On July 1, 2020, MDOT moved for summary judgment. MMG filed its opposition on July 22, 2020, and MDOT replied on August 2, 2020. Pursuant to M.R. Civ. P. 7(b)(7), the court will decide this matter without oral argument.

## DISCUSSION

Summary judgment is appropriate if, reviewing the evidence in the statements of fact and record references in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(a), (c); *Platz Assocs. v. Finley*, 2009 ME 55, ¶

2

10, 973 A.2d 743 (internal citations omitted). A fact is material if "it has the potential to affect the outcome of the suit." *Id*. "A genuine issue of material fact exists when the fact finder must choose between competing versions of the truth." *Id*. To withstand a motion for summary judgment, the non-moving party must present sufficient admissible evidence to establish a prima facie case for each element of the claim or defense. *Watt v. UniFirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897.

The resolution of MDOT's summary judgment motion requires the court to decide whether MMG satisfied the notice requirements of the MTCA. MDOT argues that MMG's notice of claim failed to substantially comply with the MCTA in two ways. Def.'s Mot. for Summ. J. at 4. "First, and most significantly, it was not filed with the Office of Attorney General." Def.'s Mot. for Summ. J. at 4. Second, it did not comply with the MCTA's form requirements—specifically, "it did not provide a 'statement of the basis of the claim, including the date, time, place and circumstances of the act, omission or occurrence complained of.'" Def.'s Mot. for Summ. J. at 4.

MMG concedes that a timely notice of claim was not filed with the Attorney General. Pl.'s Opp'n to Summ. J. at 2-3.[2] But it argues that its failure to notify the Attorney General was not fatal, and otherwise, its notice of claim satisfied the form requirements of the MCTA. Pl.'s Opp'n to Summ. J. at 3-6.

The MTCA provides that

**1. Notice requirements for filing**. Within 180 days after any claim or cause of action permitted by this chapter accrues, or at a later time within the limits of section 8110, when a claimant shows good cause why notice could not have reasonably been filed within the 180-day limit, a claimant or a claimant's personal representative or attorney shall file a written notice containing:

---

[2] MMG makes no argument that its failure to timely notify the Attorney General was excused by good cause.

3

**A.** The name and address of the clamant, and the name and address of the claimant's attorney or other representative, if any;

**B.** A concise statement of the basis of the claim, including the date, time, place and circumstances of the act, omission or occurrence complained of;

**C.** The name and address of any governmental employee involved, if known;

**D.** A concise statement of the nature and extent of the injury claimed to have been suffered; and

**E.** A statement of the amount of monetary damages claimed.

. . .

**3. Notices.**

**A.** If the claim is against the State or an employee thereof, copies of the notice shall be addressed to and filed with the state department, board, agency, commission or authority whose act or omission is said to have caused the injury and the Attorney General.

. . .

**4. Substantial notice compliance required.** No claim or action shall be commenced against a governmental entity or employee . . . unless the foregoing notice provisions are substantially complied with. A claim filed under this section shall not be held invalid or insufficient by reason of an inaccuracy in stating the time, place, nature or cause of the claim, or otherwise, unless it is shown that the governmental entity was in fact prejudiced thereby. . . .

14 M.R.S. § 8107.[3]

"The general purposes of notice requirement are to save needless expense and litigation by providing an opportunity for amicable resolution of disputes, and to allow the defendant to fully investigate claims and defenses." *Faucher v.*

---

[3] The legislature recently amended section 8107 to extend the timeframe for filing notice to 365 days following accrual of the claim. L.D. 492 (129th Legis. 2019). The amendment applies only to claims that accrue on or after January 1, 2020. *Id.* § 3. Because MMG's claim accrued on February 19, 2019, the amended statute does not apply and the former version of the statute controls.

4

*Auburn*, 465 A.2d 1120, 1123 (Me. 1983). The Law Court has held that "failure to comply with the notice provision bars the claim, unless (1) the errors in a plaintiff's notice constitute mere inaccuracies, and (2) the governmental entity is unable to show prejudice." *Deschenes v. City of Sanford*, 2016 ME 56, ¶ 12, 137 A.3d 198 (internal citation and quotation marks omitted). In other words, the court "must [] determine[] whether the error(s) in plaintiff's notice constitutes merely 'inaccuracies' which do not impair substantial compliance or whether the error(s) are more fundamental." *Faucher v. Auburn*, 465 A.2d 1120, 1123 (Me. 1983). "If the former, the governmental entity must show prejudice of a nature sufficient to bar the claim; if the latter, the notice may be held invalid." *Id.* Moreover, the "substantial compliance" exception does not excuse an untimely notice, but rather "is properly invoked only when the notice, although timely filed or excused from timely filing because of good cause, is defective in some other respect such as the failure to satisfy the form requirements of § 8107(1)(A-E)." *Kelly v. Univ. of Me.*, 623 A.2d 169, 172 (Me. 1993) (quoting *Erickson v. State*, 444 A.2d 345, 350 (Me. 1982).

MDOT points the court to *Kelly*, which involved notice deficiencies that were fundamental enough to preclude substantial compliance and bar the plaintiff's claim. In that case, the plaintiff was struck by a University of Maine van on campus. *Id.* at 171. Afterwards, the plaintiff's attorney sent a letter to the administrative services office stating that "he represented plaintiff in connection with a personal injury claim and indicated that there was a 'pending action.'" *Id.* The University also had a copy of the accident report upon which the claim was based. *Id.* Moreover, the plaintiff's counsel "submitted medical bills to the University's insurance carrier and requested payment for those bills in advance of settlement." *Id.* The plaintiff did not file a timely notice of claim with the Attorney General as required by section 8107(3)(A). *Id.* at 172.

5

Under these circumstances, the Law Court held that the plaintiff's claim was barred and affirmed the Superior Court's order granting summary judgment in favor of the University. *Id.* at 170-72. It reasoned that the "plaintiff did not substantially comply with the notice requirement when no notice was given to the Attorney General and only a routine police accident report and a letter of representation were provided to the University within the 180 days after the cause of action accrued." *Id.* at 172. That is, the combination of (1) the plaintiff's failure to notify the Attorney General and (2) other inadequacies in the form of the notice precluded a finding of substantial compliance. *Id.*; *see also Diviney v. Univ. of Maine Sys.*, No. CV-2015-161, 2016 WL 3921505, at *4 (Me. Super. Ct. May 17, 2016); *Moody v. Me. State Lottery*, 2003 Me. Super. LEXIS 153, at *6-8 (June 12, 2003); *Grip v. Williams*, 1998 Me. Super. LEXIS 197, at *5 (Aug. 4, 1998); *Naslund v. Maloney*, No. CV-92-839, 1996 WL 34673627, at *2 (Me. Super. Ct. Feb. 26, 1996).

In this case, MMG similarly failed to substantially comply with the notice requirements of section 8107. As in *Kelly*, "no notice was given to the Attorney General." *Id.*[4] Moreover, MMG's April 16, 2019 notice to MDOT contained deficiencies in form. While MMG argues that the notice substantially complied with form requirements of section 8107(1)(A-E), the court agrees with MDOT that the

---

[4] Citing footnote 2 in *Pepperman v. Barrett*, 661 A.2d 1124 (Me. 1995) —a footnote that discusses the Law Court's holding in *Robinson v. Washington County*, 529 A.2d 1357 (Me. 1987)—MMG asserts that "[f]ailure to send a copy of the notice to the proper official is not fatal in and of itself if the notice otherwise complies with the statute." Pl.'s Opp'n to Summ. J. at 3. In *Robinson*, the Law Court "held that a notice that was sufficient in all other respects would substantially comply with the statute even if it was served on the real party in interest instead of the official designated by the statute to receive notice." *Pepperman*, 661 A.2d at 1126 n.2 (citing *Robinson*, 529 A.2d at 1360). But as discussed in this decision, MMG's notice was not sufficient in all other respects. Moreover, the court is not convinced that *Robinson*'s holding applies here. Indeed, *Robinson* addressed what constitutes substantial compliance with section 8107(3)(B)—a different provision governing notice to political subdivisions. *Robinson* had nothing to say about what would constitute substantial compliance with section 8107(3)(A).

notice failed to provide an adequate "statement of the basis of the claim, including the date, time, place and circumstances of the act, omission or occurrence complained of." 14 M.R.S. § 8107(1)(B). It is undisputed that the notice failed to state the "place" of the incident. Moreover, the notice insufficiently described the "circumstances of the act ... complained of," merely stating that the "POLICE REPORT FOUND YOUR DRIVER 100% LIABLE WITH OUR VEHICLE STOPPED WHEN STRUCK." This statement amounted to no more than a vague and conclusory summary of what someone else wrote in a police report—a copy of which MMG failed to produce. If providing a copy of the actual police accident report was not sufficient in *Kelly*, then MMG's *summary* of the police report must likewise be insufficient here. *See* 623 A.2d at 172.

To be sure, MMG's failure to provide an adequate "statement of the basis of [its] claim" does not—on its own—necessarily preclude a finding of substantial compliance. But pursuant to *Kelly*, the court considers the inaccuracies in the form of the notice in conjunction with MMG's failure to notify the Attorney General. *See id.* And after considering the errors together, the court concludes that MMG's notice was fundamentally flawed and did not substantially comply with the statute.[5]

## CONCLUSION

The court concludes that MMG did not substantially comply with the notice requirements of section 8107 because it failed to notify the Attorney General, and

---

[5] MMG argues that MDOT failed to show it was prejudiced by the errors in its notice of claim. Pl.'s Opp'n to Summ. J. at 6-7. MDOT, however, need not show prejudice because the notice errors were "more fundamental" and do not qualify as mere inaccuracies. *Faucher*, 465 A.2d at 1123; *Pepperman v. Barrett*, 661 A.2d 1124, 1127 (Me. 1995) (a "governmental entity must show prejudice only when the errors in the notice amount to mere inaccuracies.").

7

its notice contained other adequacies in form.[6] MMG's failure to provide proper notice bars its claims against MDOT.

The entry is:

The defendant's motion for summary judgment is GRANTED.

DATED: October 15, 2020

William R. Stokes
Justice, Maine Superior Court

Entered on the docket  10/19/2020

---

[6] MDOT asserts that "failure to provide notice to the [Attorney General] should, by itself, be sufficient to bar [a plaintiff]'s claim"—an argument that the Law Court has not yet addressed. Def.'s Mot. for Summ. J. at 6. While the court does not need to squarely resolve this question because it concludes that MMG's notice was deficient in *multiple* respects, the applicable law suggests that MDOT is correct. The plain language of section 8107 makes serving the Attorney General mandatory. 14 M.R.S. § 8107(3)(A). And while section 8107(4) expressly affords leeway to plaintiffs who do not satisfy the form requirements of section 8107(1)(A-E)—making it clear that a claim "shall not be held invalid ... by reason of an inaccuracy in stating the time, place, nature or cause of the claim, or otherwise"—the statute affords no similar leeway to those who fail to notify the Attorney General. 14 M.R.S. § 8107(4). Moreover, in keeping with the language of the statute, the Law Court has stated that the "substantial compliance" exception does not excuse an untimely notice, but rather "is properly invoked only when the notice . . . is defective in some other respect such as the failure to satisfy the form requirements of § 8107(1)(A-E)." *Kelly*, 623 A.2d at 172. Failing to timely notify the Attorney General constitutes a fundamental error that deprives an *entire* entity of notice; it is not the type of error in "form" that may be excused by substantial compliance. Thus, the court agrees with MDOT that the failure to notify the Attorney General is a fundamental deficiency that warrants dismissal in and of itself.

8